## L. W. FEAGAN v. BARTON-PARKER MANUFACTURING COMPANY.

### Decided March 21, 1906.

**1.—Appeal from Justice Court—No Bond Required, When.**

When the judgment in the Justice Court is for defendant and plaintiff appeals to the County Court, no appeal bond is necessary.

**2.—Plea of Non Est Factum—Burden of Proof.**

Where a plea of *non est factum* is filed the burden of proving the execution of the contract sued on is on the opposite party.

**3.—Rule 31 of the Court of Civil Appeals.**

Where the giving or refusal of charges is complained of, such charges must be incorporated, or referred to in the "statements."

**4.—Admission of Evidence—No Bill of Exception.**

Appellant can not complain of the admission or exclusion of evidence in the absence of a bill of exception.

Appeal from the County Court of Tyler. Tried below before Hon. W. A. Johnson.

*Joe W. Thomas,* for appellant.—That an appeal bond should have been given by plaintiff on appeal from the Justice to the County Court, cited: Texas Constitution, art. 5, sec. 19; Rev. Stats., arts. 1670, 1671, 1672; Owens v. Levy, 1 App. C. C., sec. 409; Bell v. Brown, 33 S. W. Rep., 303; Texas Trunk Ry. Co. v. Jackson, 85 Texas, 606; Harris v. Credille, 1 App. C. C., sec. 562; Missouri, K. & T. Ry. v. Mosty, 8 Texas Civ. App., 330; Ayers v. Smith, 28 S. W. Rep., 835.

No brief for appellee.

NEILL, ASSOCIATE JUSTICE.—The appellee brought this suit against appellant in the Justice's Court for the sum of $180, alleged due on a written contract between the parties for certain jewelry sold and shipped by the former to the latter, which appellant refused to receive upon the ground that a guaranty of profits on sales of the goods to be made by him was not executed by appellee and forwarded him as agreed upon when the alleged contract was made.

The trial in the Justice Court resulted in a judgment in favor of the defendant, from which the plaintiff appealed to the County Court without giving an appeal bond. A motion was made by appellant (defendant in the court below) to dismiss the appeal because no appeal

bond was given by the plaintiff; which, being overruled, the case was tried before a jury and the trial resulted in a judgment in favor of the appellee for the amount of its demand.

*Opinion.*—1.   There was no error in the court's refusal to dismiss the appeal from the Justice's Court upon the ground that no appeal bond was given.   (Houston & Texas Central Railroad Company v. The Red Cross Stock Farm, 91 Texas, 628; Edwards v. Morton, 92 Texas, 152.)

2.   The plea of *non est factum* cast the burden of proving the execution by appellant of the contract sued on upon the appellee; and this is the clear import of the court's charge.   It was for the jury to decide from the evidence whether this burden had been discharged.   The credibility of the witnesses and the weight to be given their testimony were matters within the jury's province; and, as the evidence was conflicting on the issue of the execution of the contract, it is not for this court to say, against the verdict, that the evidence upon the issue preponderates in favor of the appellant.

3.   The third and fourth assignments complain of the court's refusing to give certain special charges requested by appellant; the fifth of its giving a special charge at appellee's request; and the sixth and seventh of certain portions of the court's general charge.   Neither the special charges, nor the portions of the general charges referred to in the assignments are incorporated or referred to in the statement subjoined to the proposition under them.   Therefore, the assignments can not, under rule thirty-one of this court, be considered.   Nor is there such a statement subjoined to the proposition under the ninth assignment of error as requires its consideration.

4.   It does not appear from the statement subjoined to the propositions under the tenth and twelfth assignments of error that bills of exceptions were taken by appellant to the admission in evidence of the testimony referred to in the assignments.   Therefore it does not seem that appellant has any right to complain here of the admission of such testimony.   Nor does it appear from the statement subjoined to the proposition under the fourteenth assignment of error that any exception was reserved to the action of the court in refusing to admit in evidence the letter referred to in the assignment.   The judgment is affirmed.

*Affirmed.*