J. B. Watkins Land Mortgage Company v. Henry M. Thetford.

Decided June 27, 1906.

**1.—Land Agent—Commissions—Occupation Tax.**

The failure of a land agent to pay his occupation tax will not defeat his action to recover commissions for making a sale; the law prohibiting pursuit of the occupation without such payment is a revenue law, and not a regulation of the business on grounds of public policy.

**2.—Land Agent—Commission—Procuring Purchaser.**

An agent who has procured a purchaser for land whom the owner accepted and contracted with, will not be defeated of his right to commissions by the fact that the purchaser proved unable to carry out such contract.

**3.—Same—Subcontract.**

Where the owner of land committed the sale solely to an agency selected by him, another, who found a purchaser in pursuance of an agreement with such agency for a division of the commissions, and took no other part in closing the transaction, was not entitled to recover any commission from the owner.

**4.—Charge—Ignoring Issue.**

A requested charge which ignores an issue supported by evidence and on which a different verdict from that which it calls for might be rendered, should be refused.

**5.—Contract—Acceptance of Benefit.**

One who accepts and takes the benefit of services performed by another under employment by an agent not authorized to employ, can not avail himself of his agent's lack of authority.

**6.—Evidence—What Would Have Been Done.**

Testimony as to what would have been done by a party in hypothetical circumstances, was immaterial where the sole issue concerned what was actually done.

Appeal from the District Court of Dallas County. Tried below before Hon. Thomas F. Nash.

*W. P. Finley,* for appellant.—The failure of the appellee to pay an occupation tax and to obtain a license to pursue the business of a real estate broker, prevents him from maintaining a suit to recover commissions. Rev. Stats., art. 5049; Penal Code, art. 112; Saule v. Ryan, 53 S. W. Rep., 977; Buckley v. Humason, 50 Minn., 195, 36 Am. St. Rep., 637; Amato v. Dreyfus, 34 S. W. Rep., 450; Carey L. Lumber Co. v. Thomas, 22 S. W. Rep., 743; Holt v. Green, 13 Am. Rep., 737; Kenedy v. Schultz, 6 Texas Civ. App., 461; Johnson v. Hulings, 49 Am. Rep., 131; San Antonio St. Ry. Co. v. Muth, 7 Texas Civ. App., 448; Stevenson v. Ewing, 9 S. W. Rep., 230; Peterson v. Seagraves, 94 Texas, 392; Cooley, Tax'n (2d ed.), 572; Roach v. Davis, 54 S. W. Rep., 1070; 2 Benj. Sales (4th Am. ed.), sec. 825; Cooper v. Griffin, 40 N. E. Rep., 712; Haworth v. Montgomery, 18 S. W. Rep., 399; 4 Am. and Eng. Ency. Law (2d ed), 982, and authorities there cited; Whitfield v. Huling, 50 Ill. App., 179; Richardson v. Brix (Iowa), 63 N. W. Rep., 325.

It is familiar law that a contract, prohibited either expressly or impliedly by statute, is illegal, and can not be enforced. Same authori-

ties.   Also:   Peterson v. Seagraves, 94 Texas, 392; Perkins v. Watkins, 2 Baxt. (61 Tenn), 187; Ohio, etc., Ins. Co. v. Merchants Ins. Co., 11 Humph. (30 Tenn.), 11; Hale v. Henderson, 4 Humph., 200; 2 Benj. Sales (4th Am. ed.), secs. 818-825; 1 Add. Cont., sec. 294; Holt v. Green, 73 Pa. St., 198; Dillon v. Allen, 46 Iowa, 299; McConnel v. Kitchens, 20 S. C., 430; Woods v. Armstrong, 54 Ala., 150; Johnson v. Hulings, 103 Pa. St., 498.

The broker must complete, or consummate, the sale, to this extent, that is, he must find a purchaser, who is not only ready and willing, but able, and in a situation, to complete the purchase on the terms agreed upon, before he is entitled to recover his commissions.   Wilson v. Clark, 9 Texas Ct. Rep., 512; McGavock v. Woodlief, 20 Howard, 221; Kennedy v. Clark, 1 App. C. C., sec. 843, p. 483; Brackenridge v. Claridge, 91 Texas, 527; McLane v. Goode, 68 S. W. Rep., 707; Smye v. Groesbeck, 7 Texas Ct. Rep., 480; De Cordova v. Bahn, 74 Texas, 645; 14 Cent. Law Journal, 204-5; Mullenhoff v. Gensler, 15 N. Y. Supp., 673; Coleman v. Meade, 13 Bush. (76 Ky.), 358; Butler v. Baker, 17 R. I., 582, 33 Am. St., 897; 4 Am. and Eng. Ency. Law (2d ed.), 975; Pratt v. Hotchkiss, 10 Ill. App., 603; Iselin v. Griffith, 62 Iowa, 668; Goss v. Broom, 31 Minn., 484; Cook v. Kroemeke, 4 Daly, 268; Hart v. Hoffman, 44 How. Pr., 168.

*U. F. Short,* for appellee.—The failure of the land agent to pay the occupation tax imposed by article 5049, Sayles' Texas Civil Statutes, will not bar his right to recover commissions earned in effecting sales. Amato v. Dreyfus, 34 S. W. Rep., 450; Fort Worth & D. C. Ry. v. Carlock, 75 S. W. Rep., 931.

A broker is entitled to compensation when he secures a purchaser with whom his principal is satisfied, and who actually contracts for the property at a price satisfactory to the owner.   Conkling v. Krakauer, 70 Texas, 739; Durnham v. Upton, 54 N. E. Rep., 873; Coleman v. Meade, 13 Bush, 358; Francis v. Baker, 47 N. W. Rep., 452; Wilson v. Mason, 49 Am. St. Rep., 164-5; Seabury v. Fidelity, etc., Ins. Co., 54 Atl. Rep., 899; 9 Ballard's Real Property, 661; Ward v. Cobb, 12 Am. St. Rep., 587; Fitzpatrick v. Gilson, 57 N. E. Rep., 1000; Donohue v. Flanagan, 28 N. Y. St. Rep., 757; Wray v. Carpenter, 25 Am. St. Rep., 265; Midland Ry. Co. v. Fisher, 21 Am. St. Rep., 192; Ross v. Smiley, 70 Pac., 766.

EIDSON, ASSOCIATE JUSTICE.—Appellee brought this suit in the court below against appellant to recover commissions for his services as a real estate agent in procuring a purchaser for certain real estate owned by appellant and situated in the city of Dallas.   The trial before the court and jury resulted in a verdict and judgment in favor of appellee for the sum of $1,196.

Appellant's first assignment of error complains of the action of the court below in sustaining appellee's special exceptions to that part of appellant's answer which sets up as a defense to this suit the failure of appellee to pay his occupation tax as a land agent or real estate broker prior to the transaction upon which this suit is based, appellant's contention being that under the laws of Texas the failure of the

appellee to pay his occupation tax and to obtain a license to pursue the business of real estate agent or broker prevents him from maintaining this suit to recover his commissions, which he alleges accrued to him in the pursuit of such business. We do not think this contention is sound. In our opinion it was not the purpose or intention of the statute providing for the payment of an occupation tax by a real estate agent or broker to make such payment a prerequisite to his right to pursue the occupation. The civil statutes providing for the tax, and the penal statutes making it a misdemeanor to pursue the occupation without paying the tax, were enacted for the purposes of providing a source of revenue for the State and the enforcement of the collection thereof. In the case of Amato v. Dreyfus, 34 S. W. Rep., 450, the San Antonio Court of Civil Appeals, in a case involving this question, uses this language, which we approve:

"It is plain to us that the primary object of the statute is to provide revenue, and that it was not its purpose to repress or prohibit the several occupations it undertakes to license. The provision is that no person shall pursue any occupation unless he has such a receipt, which means that the person is prohibited, not the occupation. No consideration of public policy, nor one looking to the regulation of the business, enters into the statute in question. The purpose sought to be subserved, is altogether different. It could with as much propriety be asserted that a merchant carrying on business under the same circumstances would not be allowed to enforce payment for goods sold, nor a banker for money loaned." And the Fort Worth Court of Civil Appeals in the case of Railway Co. v. Carlock, 75 S. W. Rep., 931, in passing upon the question as to whether a lawyer was entitled to practice his profession without first paying the occupation tax (the statutes with respect thereto applying to lawyers as well as to land agents) held that he was, and referred to the case of Amato v. Dreyfus, supra, with approval.

Appellant's third, fourth and seventeenth assignments of error are based upon the proposition that the purchaser procured by the appellee was not able pecuniarily to comply with his contract for the purchase of the land, or to respond in damages for a failure so to do, and for that reason, appellee was not entitled to commissions for procuring such purchaser. Under a different state of case, this proposition might be correct, but the pleadings and uncontroverted testimony in this case show that the purchaser was satisfactory to appellant, and that it contracted with the purchaser for the sale of the property at a price satisfactory to it; hence the question as to whether the purchaser was able to carry out the contract is not involved in this case. (Conkling v. Krakauer, 70 Texas, 739.)

The paragraph of the charge of the court complained of in appellant's fifth assignment of error was favorable to it, and it has no ground for complaint.

Appellant's sixth assignment of error is overruled. The appellee and the witnesses Bird and Irwin testified to facts that would authorize the charge of the court complained of in this assignment. There was sufficient testimony to justify the court in submitting the case to the

jury and to support the verdict. Hence appellant's seventh and sixteenth assignments of error are overruled.

In our opinion the special charges asked by appellant and refused by the court and which are embraced in appellant's ninth, eleventh and fourteenth assignments of error should have been given to the jury. If the sale was made by Bird, Robinson & Co. with the assistance of appellee, under an agreement with them to divide their commissions with him, he would not be entitled to recover anything against appellant for his services. There is some testimony in the record tending to support this view of the transaction. Appellee testified that he asked Bird for a price on the lot, and told him that he had some hopes of getting him a buyer; that he knew that Bird, Robinson & Co. were the exclusive agents of appellant, and that he understood that the lands of appellant could only be handled through them, and that he was privileged to offer this property for sale through them, and that he made the contract in this instance through them; and Robinson testified, in substance, that the sale was made by Bird, Robinson & Co. with the assistance of appellee; that he furnished the customer but that Bird, Robinson & Co. made the contract of sale, and that Higgins, the representative of appellant who came to Dallas and closed the contract with the purchaser, consulted with Bird, Robinson & Co. in the matter, and had nothing to do with appellee in the negotiations which culminated in the contract for the sale of the lot, and appellee did not participate in such negotiations and was only present at some of the interviews on account of his having furnished the purchaser; that appellee asked witness about the commissions he, appellee, would get and he, witness, discussed the commissions with him and the contract as the contract of Bird, Robinson & Co., and appellee knew that other agents could only get one-half of the commissions. Higgins's testimony is to the effect that in negotiating and closing the contract of sale with the purchaser, he acted with Bird, Robinson & Co. and not with appellee. This testimony, in our opinion, was sufficient to require the court to give to the jury said special charges, and the refusal to give them constitutes reversible error.

There was no error in the refusal of the court to give to the jury appellant's special charge number 6, as it ignored the right of appellee to recover in the event Higgins acted with him in making the contract of sale; or, in other words, it ignored the theory that the efficient cause of the contract of sale was Higgins's acting with appellee and accepting his services as a land agent in the transaction, knowing him to be such agent at the time, although he, Higgins, may have acted with Bird, Robinson & Co. in some matters respecting the sale.

Appellant's thirteenth assignment of error is overruled. If appellee made the sale in question, the fact that appellant accepted it and claimed the benefits thereunder would preclude its setting up the want of authority of Higgins to employ appellee to make the sale.

The issue sought to be injected into the case by appellant's special charge number 10, not being in any manner involved in the case, said special charge was properly refused.

The testimony, exclusion of which is complained of in appellant's eighteenth assignment of error, was immaterial. What the appellant

did do in reference to the transaction in question was material, but what it would have done under circumstances not existing was immaterial.

For the errors above indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*