## E. R. & D. C. KOLP v. BRAZER.

(Court of Civil Appeals of Texas. Amarillo. Nov. 15, 1913. On Motion for Rehearing, Dec. 13, 1913.)

1. PRINCIPAL AND AGENT (§ 123*)—AUTHORITY OF AGENT—EVIDENCE.

In an action for broker's commissions on the sale of feedstuff for defendants under a contract between plaintiff and defendants' agent, evidence *held* to warrant a finding that such agent was acting for defendants in the premises and that he acted within his authority in writing certain letters on defendants' behalf to plaintiff and arranging for the payment of commissions for the sale of the material.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 420–429; Dec. Dig. § 123.*]

2. EVIDENCE (§ 185*)—BEST AND SECONDARY —NOTICE TO PRODUCE.

Where plaintiff gave defendants notice to produce the original letters written by plaintiff to them and defendants excused the failure to produce the letters and papers called for on the ground that the mass was so great that it would take considerable time to find them, etc., plaintiff was properly permitted to introduce carbon copies of the letters as secondary evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 642–660; Dec. Dig. § 185.*]

3. EVIDENCE (§ 168*)—BEST AND SECONDARY.

Plaintiff was employed by the manager of defendants' St. Louis office to sell defendants' feedstuff on commission. Defendants closed such office, and all papers, correspondence, etc., in connection therewith, were turned over to it by the former manager. On sales being made, he was in the habit of confirming the same— sending a copy to defendants and one to plaintiff. *Held,* that such confirmations were, in effect, acceptances of the contracts as made and of the proposed purchasers, and that the ex-manager was properly permitted to testify that he sent letters of confirmation of sales to the purchaser on receipt of telegrams from plaintiff that he had made sales to them.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 558; Dec. Dig. § 168.*]

4. EVIDENCE (§ 243*)—BEST AND SECONDARY— LETTERS—CARBON COPIES.

The letters of confirmation were acts and declarations of defendants through their agent and manager, and were admissible as such to bind them.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 908–915; Dec. Dig. § 243.*] .

5. EVIDENCE (§ 471*)—OPINIONS—STATEMENT OF FACT.

In an action for broker's commissions, a statement of a witness that plaintiff sold certain parties was not objectionable as an opinion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

6. DEPOSITIONS (§ 107*)—OBJECTIONS TO ANSWER—RESPONSIVENESS—TIME OF TAKING.

Objections that answers to questions in a deposition are not responsive must be taken by exception before announcement of ready for trial.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 309–319; Dec. Dig. § 107.*]

7. BROKERS (§ 54*)—SALE OF GOODS—RIGHT TO COMMISSIONS—PURCHASER READY, WILLING, AND ABLE TO BUY.

In an action for broker's commissions in the sale of feedstuff manufactured by defendants, plaintiff was not required to prove that his customers were ready, willing, and able to buy under the terms proposed, where defendants on being notified of the sales wrote letters to the purchasers and to plaintiff confirming the same.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75–81; Dec. Dig. § 54.*]

8. BROKERS (§ 86*)—COMMISSIONS—ACTION.

Where, in an action for broker's commissions in the sale of feedstuff manufactured by defendants, plaintiff testified that he made the various contracts in question for the sale of the cars of material, and such fact was not rebutted by defendants, except by general statement that they knew nothing of it, and it was also shown that the sales were confirmed by defendants' managing agent, and notice sent to the purchasers—with copies to plaintiff and defendants—such proof established a prima facie case, and plaintiff was not bound to prove by each of the purchasers that he had made the contract with them.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from Tarrant County Court; Charles T. Prewett, Judge.

Action by Wm. P. Brazer against E. R. & D. C. Kolp. Judgment for plaintiff, and defendants appeal. Affirmed on rehearing.

Flournoy, Smith & Storer, of Ft. Worth, for appellants. Baskin, Dodge & Eastus, of Ft. Worth, for appellee.

HUFF, C. J. On October 25, 1913, we rendered a decision in this case, reversing and remanding it. Appellee has filed a motion for rehearing and called to our attention errors that we are now persuaded we committed in our former opinion, in applying the law to the facts of the case; we therefore grant the motion for rehearing and file this opinion as our conclusion of the law governing the case. We may be permitted to state, partly in justification of our former opinion, that appellee did not brief the case, and we considered the case alone

from the brief of appellants and the examination of the record and authorities which we were able to make at the time.

Wm. P. Brazer, appellee, sued E. R. & D. C. Kolp, the appellants, in the county court of Tarrant county, for $404 for brokerage commission, for the sale of 202 cars of bran, at $2 per car, alleged to have been sold by appellee for the account of appellants during the months of June and July, 1910.

[1] We overrule the propositions presented under the first, second, and third assignments of error, which assail the action of the court in overruling appellant's special charge to the jury, directing peremptorily a verdict for appellants. The contract in this case was executed by correspondence between Louis J. Jones, the agent and manager for appellants at their St. Louis office, and the appellee. In pursuance to such contract, appellee contracted to sell 202 car loads of the feedstuff handled by appellants, and for which, under the contract, he was to receive $2 per car. Appellants assert as a proposition that the burden was on the plaintiff, appellee herein, to prove that Jones was appellants' agent and acting within the scope of his authority, and that the letters in question should be established as the writing of appellants and appellee. It appears from bills of exception that the signatures to the letters from appellants were typewritten and the letters from appellee were carbon copies. Appellants filed a plea of non est factum in the usual form. We think the jury had ample evidence to justify them in finding that Jones was acting for appellants and had the authority to do so, and that he was acting within the scope of his authority. The appellee testified he wrote the original letters of the carbon copies and sent them by due course of mail to appellants at their office in St. Louis, and that he got the replies thereto by due course of mail. Jones testified he wrote such letters for appellants, acting for them as their agent and manager, giving the substance thereof; and, further, that he turned over the books and correspondence to the appellants. He also testifies that he sent to appellants a copy of such letters when received. The trial court appends as a qualification to the bill of exceptions the following: "Notice was given by plaintiff to defendants, to produce the original letters. Defendant E. R. Kolp testified that Louis J. Jones had authority to write the letter signed E. R. & D. C. Kolp, and authority to make the brokerage arrangements to pay the $2 a car and to pay for all telegrams as recited in the correspondence." E. R. Kolp excused himself from searching through his letters and papers, for the correspondence in question, on the ground that the mass and bulk of the papers were so great that it would take considerable time to find them, etc. The court submitted to the jury the question of Jones' authority and the question as to whether the contract was so entered into. We think there is sufficient evidence to sustain the findings of the jury on that point. Feagan v. Barton-Park Mfg. Co., 42 Tex. Civ. App. 373, 93 S. W. 1076.

[2] The fourth assignment, to the effect that there was error in permitting appellee to read in evidence the carbon copies of letters because not the best evidence, will be overruled. We think from the above statement of the facts it will be seen appellee used sufficient diligence to obtain the originals, and, upon his failure to do so, had the right to resort to secondary evidence, and that there was no abuse of discretion on the part of the trial court in permitting the carbon copies to be read in evidence. McDonald v. Hanks, 52 Tex. Civ. App. 140, 113 S. W. 604. The execution of the letters and copies was established, if not by direct testimony, circumstantial.

[3, 4] The fifth and sixth assignments are overruled. Jones was permitted to testify that he sent letters of confirmation of sales to the purchaser upon the receipt of telegrams from appellee that he had made sales to them. All papers, correspondence, etc., in connection with the St. Louis office, were turned over to appellants by Jones, and they were given proper notice to produce them upon the trial. He also sent a carbon copy of each letter for confirmation, one to appellants and one to appellees. The carbon copies sent to appellees were introduced in evidence, over the objection of appellants, to the effect that such letters were not the best evidence. The confirmations of the sales as made by appellants were in effect acceptances of the contracts as made and of the proposed purchasers. The carbon copies were acts and declarations of appellants through their agent and manager, and were therefore admissible as such, and would bind them. We do not think it was necessary in this case to obtain the original letters to prove that appellants had accepted the purchasers of the contracts as made. When they notified appellee and the sales so made by him were confirmed, we think that the declaration and acts, in so far as appellee was concerned, were original testimony.

[5, 6] The seventh assignment is overruled. The statement of the witness that appellee sold certain parties is not, as we understand the connection in which it is used, a mere opinion of the witness. The objection to the answers of the witness that it is not responsive to the question must be taken by exception on that ground before announcement for trial. There is no exception to the answer because not responsive, shown to have been made before announcement of ready for trial. This exception appears to have been made during the trial. However, we think the answer responsive.

[7] It is insisted under the eighth assignment that appellee should prove that the pur-

chasers were ready, willing, and able to buy under the terms proposed. This rule does not apply where the principal accepts the purchaser and the contract is consummated. Where the appellants wrote letters confirming the sale to the purchasers and also to the appellee, the broker, we think it would be held that he had earned his commission. He furnished a purchaser acceptable to appellants, and nothing further was required of him. Watkins Land Mortgage Co. v. Thetford, 43 Tex. Civ. App. 536, 96 S. W. 72; Albritton v. Bank, 38 Tex. Civ. App. 616, 86 S. W. 646; Conkling v. Krakauer, 70 Tex. 735, 11 S. W. 117; Roche v. Smith, 176 Mass. 595, 58 N. E. 152, 51 L. R. A. 510, 79 Am. St. Rep. 345.

[8] The testimony is sufficient to support the finding of the jury that appellee sold the number of cars of bran to the proposed purchasers named in the exhibit to the petition, for the price and on the terms named, and that he immediately reported the sales as made to appellant's St. Louis office, and that appellants, through their agent and manager, Jones, confirmed such sales by letters to the proposed purchasers, and also by letter to appellee, and that appellants, as principal, received a copy of such confirmation. The evidence also shows that appellee made out in accordance with the contract a full report of the sales as made and duly transmitted the same in regular course of mail to appellants. This evidence, at least, made a prima facie case. If appellee did not make the contract of sale with the proposed purchasers, the burden shifted on appellants to show it. We do not believe it incumbent on appellee to prove by each of the purchasers that he had made the contract with them. He swears that he did make it, and when that fact is not rebutted by appellants, except by the general statement that they knew nothing of it, we think the jury entitled to find such sales were made from the facts so proven—at least the verdict has testimony supporting it. If the contracts were made, as contended, and as established by the verdict, appellants could have enforced specific performance or could have recovered damages for the breach of same. When such is the case, the broker has earned his commission, and a sale is effected in so far as he can do so. The delivery and other details were for the appellants. Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847. We therefore overrule the eighth and ninth assignments of error.

All other assignments are overruled.

We think there was sufficient evidence to support the finding of the jury that Jones was the agent and manager of appellants in employing appellee and in confirming the sales made by appellee, and that he was acting at the time within the scope of his authority. Having concluded that we were in error in our former opinion, we grant the appellee's motion for rehearing and also overrule appellants' motion to reverse and render.

The judgment of the lower court is affirmed.

### On Motion for Rehearing.

It is asserted that the court misunderstood the facts in the record, and that Jones was not in the employment of the appellants, as shown by the facts in the record. Jones swears he was in the employment of appellants until August 1, 1910, and that during the months of June and July the appellee Brazer reported sales by wire to the St. Louis office, of which he was then in charge, and during those months Jones sent out confirmations of the sales to the purchasers and mailed a copy to the appellee, and one copy to appellants' office in Oklahoma City, and one to their office in Ft. Worth. E. R. Kolp swore the contract expired with Jones June 15, 1910, and there is a written contract between Jones and appellants which shows it was to continue until June 15, 1910. Kolp admits by his testimony that Jones remained in the St. Louis office for a month and 15 days after that date in charge of the office, but says he had no authority to do any business. On the 3d day of August following, appellants wrote from their Ft. Worth office to the appellee Brazer that they had closed their St. Louis office, and that the business theretofore transacted from that office would be divided between the Oklahoma City and Wichita offices, and the affairs of the St. Louis office would be wound up from Ft. Worth, and "if there are any communications regarding which you desire to make would be glad to hear from you." They further say they will quote for shipment from Wichita and hope a nice business may result. The testimony of Brazer and Sullivan show that on June 30, 1910, appellee rendered appellants a statement of the sale of 152 cars of bran, giving the names of the parties to whom sold, date sold, and price, and on July 30, 1910, a like report of the sale of 50 cars. Appellants were notified to produce the originals. From the record it appears they were not so produced, and carbon copies, which appellee produced, were introduced in evidence. After these reports, appellant notified appellee on August 3, 1910, that they had closed their office at St. Louis and would quote shipments thereafter from Wichita and solicited further business. We think this testimony shows, not only that Jones was the agent of appellant when he entered into the contract with Brazer, but also when Brazer made and reported the sales. If the testimony of Brazer, Jones, and Sullivan is true, these sales were made and reported to appellants. In their letters they recognize the fact that Brazer had been making sales for them from their St. Louis office. These acts of Jones and Brazer they do not disaffirm, but instead notified Brazer

they expected to continue business with him from their Wichita office and expressed the hope for a nice business. At any rate, the jury believed Brazer, Jones, and Sullivan and accepted their testimony and disregarded that of E. R. Kolp.

Counsel contends that the original letters and telegrams were attached to the depositions of Brazer as Exhibit 5. This is a statement by attorneys, but the record in this case does 'not disclose that fact. The record shows in this' case that copies of confirmations of the sales are set out in Exhibit 3 to the deposition, and Exhibit 3 covers 16 pages of the statement of facts and the confirmation of the sales ·purport to be addressed to the respective purchasers to whom Brazer says he sold, confirming the sale. If Jones is to be believed, he sent these confirmations to the purchasers—a copy to Brazer and a copy to appellants at Oklahoma City, and a copy to them at Ft. Worth. Brazer testified these are the copies he received. Kolp says he never got any such reports of confirmations. The jury accepted the testimony of Jones, Brazer, and Sullivan. ˙We think therefore the evidence sufficient to show Jones was the agent of appellants, and that he, in acting for appellants, confirmed the sales; also, notifying appellee that the sale was confirmed. This was the act of appellants, and as such was admissible as the acts and declarations made by them and substantially admitting the sale.

We have been severely taken to task for stating that E. R. Kolp excused himself from searching through his letters and correspondence in question on the ground that the mass and bulk was so great that it would take considerable time to find them. In speaking of the correspondence between the appellants and Jones, E. R. Kolp says: "I do not know where some of that correspondence is. I did not have any occasion to look for it. * * * I read the depositions in which he said he sent us copies of the correspondence. I have not looked for copies of that correspondence. The reason I did not was that it was not necessary. I did not think it was needed. There is a mass of stuff that comes there. * * * You could not have a building large enough to keep all these copies from four or five offices. Whenever he made a sale of bran, he was supposed to send us an account of it." The trial court qualified the bill of exceptions taken to the admission of this evidence, that appellants were given notice to produce all letters, papers, and correspondence in relation to the transaction. Jones testifies the notices of sales were sent appellants and were sent through June and July. Brazer testifies that these were notices of confirmation of the sales received by him from appellants.. The record does not show any other sales made by Brazer. The correspondence,

as well as Kolp's testimony, In several places, shows that he knew Brazer was making the sales. The jury accepted the testimony offered by appellee and rejected Kolp's testimony. We do not think we have treated appellants unfairly in the record, but have gone over it carefully several times. We think we have correctly quoted the record or its effect and those facts which support the findings of the jury, and, but for the seeming disposition on the part of counsel to attribute to us oversight in examining the record, we would not have filed this additional finding.

The motion of the appellants is overruled.