SEIDEL v. WALKER. (No. 5418.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 10, 1915. Rehearing Denied March 3, 1915.)

1. Brokers ⊙=64—Commissions—Right to.

Plaintiff procured a purchaser for defendant's land, and defendant accepted the purchaser under a contract providing that defendant might either forfeit a small cash payment or enforce the contract specifically. The purchaser was financially irresponsible. *Held* that, defendant having accepted the purchaser, he could not escape payment of commissions because the purchaser did not comply with the contract and the cash payment was too small for protection.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 67, 97; Dec. Dig. ⊙=64.]

2. Reformation of Instruments ⊙=16 — When Granted.

In the absence of fraud, mistake, or some special reason, the courts will not reform a binding contract.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 68; Dec. Dig. ·⊙=16.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by Ganahl Walker against Albin Seidel. From a judgment for plaintiff, defendant appeals. Affirmed.

Webb & Goeth, of San Antonio, for appellant. Taliaferro, Cunningham & Birkhead and F. R. Williams, all of San Antonio, for appellee.

CARL, J. On September 9, 1913, appellant, Albin Seidel, through appellee, his agent, made a contract with Frank Bushick, whereby he agreed to sell Bushick 52 acres of land near the city of San Antonio for the sum of $5,000, to be paid $2,000 in cash and three notes each for $1,000. The contract provided that, if the purchaser failed to comply, the seller had the option of taking a small forfeit which was put up, or of pursuing an action for specific performance. This contract was delivered to appellant at the time, together with the forfeit check. It was an absolute binding contract to· purchase, in so far as Bushick was ` concerned; the only means of his escape being failure of title or defective title, etc., and he was given the right of an action for specific performance. Seidel knew the purchaser, accepted the contract and money, and, about two days before the time to close up, the purchaser notified him that he would be unable to complete the purchase. Appellant thereupon forfeited and retained the money put up. Under the terms of the contract, appellant had the right to do either as he did, or to hold Bushick to a specific performance of the contract.

[1] This is not a case involving the question as to whether the agent presented a customer ready, willing, and able to buy, as is ordinarily the duty of an agent before he may be entitled to a commission; but it is a case where the agent produces a customer with whom the seller is satisfied and a contract is made. In this last event, the agent is not concerned as to the ability of the purchaser to buy, for the seller relieves him of any further duty ·in that respect when he accepts the purchaser as satisfactory and a binding contract is made. Conkling v. Krakauer, 70 Tex. 739, 11 S. W. 117, and authorities therein cited; Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847; Ansley Realty Co. v. Pope, 105 Tex. · 440, 151 S. W. 525; Albritton v. First Nat. Bank of Mexia, 38 Tex. Civ. App. 614, 86 S. W. 646; Saunders v. Montgomery et al., 134 S. W. 775; J. B. Watkins Land Co. v. Thetford, 43 Tex. Civ. App. 536, 96 S. W. 72; Griffifth v. Bradford, 138 S. W. 1072; Hamburger & Dreyling v. Thomas, 118 S. W. 770; E. R. & D. C. Kolp v. Brazer, 161 S. W. 899; Roche v. Smith, 176 Mass. 595, 58 N. E. 152, 51 L. R. A. 510, 79 Am. St. Rep. 345; Moore v. Irvin, 89 Ark. 289, 116 S. W. 662, 20 L. R. A. (N. S.) 1168, 131 Am. St. Rep. 97; Francis v. Baker, 45 Minn. 83, 47 N. W. 452; Scully v. Williamson, 26 Okl. 19, 108 Pac. 395, 27 L. R. A. (N. S.) 1089, Ann. Cas. 1912A, 1265; 19 Cyc. 271; Leuschner v. Patrick, 103 S. W. 664; Williams v. Phelps, 171 S. W. 1100.

[2] It may be unfortunate that appellant accepted a contract wherein he was not adequately protected: First, as to his ability

to have the same performed by the purchaser; and, second, which did not protect him against the payment of a commission in such case as this happened to be. But he acted for himself in accepting and retaining the contract as written, and no fraud is pleaded or proved on part of the agent in the procurement of his acceptance. This court, however, does not make contracts for parties, but only passes upon them after they are made. In the absence of fraud, mistake, or some special reason which does not here exist, "as parties bind themselves, so shall they be bound." A binding contract was made for the sale of the land which was susceptible of specific performance, and that appellant made a mistake as to the purchaser's ability to perform is such an error of judgment as any man may make; but for that mistake he, and he alone, is responsible.

The judgment is in all things affirmed.