## KITCHEN v. LLOYD. (No. 3097.)

Court of Civil Appeals of Texas. Amarillo
Oct. 31, 1928.

Rehearing Denied Nov. 21, 1928.

T. L. Price, of Post, and Vickers & Campbell, of Lubbock, for appellant.

A. W. Gibson, of Lamesa, A. R. Anderson, of Post, and Lockhart, Garrard & Brown, of Lubbock, for appellee.

JACKSON, J. This is a suit by appellant, L. W. Kitchen, against the appellee, J. F. Lloyd, to recover the sum of $684 on a contract to pay brokerage, or, in the alternative, to recover $500 as the reasonable value of appellant's services as a real estate broker.

Appellant alleges that he was a real estate broker engaged in the real estate business and bringing together parties for the exchange of their properties; that the appellee employed him to find a purchaser and assist in a sale or exchange of 960 acres of land in Garza county, Tex., owned by appellee, at a price of $30 per acre, or such price as the appellee and a purchaser might agree upon; that appellant informed appellee that he had a customer by the name of C. A. Taylor, who owned certain real estate in Coke county, Tex., who was ready, able, and willing to exchange his lands in Coke county for appellee's lands in Garza county, subject to the inspection by each party of the other's property; that appellee then instructed appellant to do all he could to bring about a trade between appellee and Mr. Taylor; that appellee was informed by appellant that he charged the usual and customary commission of 2½ per cent. of the value of the property exchanged, to which appellee by implication agreed; that appellant, relying on appellee's implied promise to pay him such commission for his services, brought the parties together, and was the sole and procuring cause of appellee and Mr. Taylor entering into a binding contract for the exchange of their properties upon price and terms agreed upon by 'appellee and Mr. Taylor, a copy of which contract is attached to and made a part of appellant's petition, but which we deem it unnecessary to set out; that, at the time the contract was made between appellee and Mr. Taylor, the appellee was again informed by appellant that he would charge him the usual and customary commission for his services; that some time thereafter, without the knowledge

or consent of appellant, the appellee canceled said contract and withdrew the forfeit provided for in said contract for the enforcement thereof, and without any just cause refused to perform his part of said contract, whereby he became bound and liable to appellant to pay him 2½ per cent. commission of the agreed consideration of $27,360, which Mr. Taylor contracted to pay appellee for his land.

Appellant alleges in the alternative that, if he should be mistaken as to his right to recover commission under the contract, as above stated, at the special instance and request of appellee, he rendered him services in the exchange of his lands, which services were accepted by appellee and were of the reasonable value of $500, for which amount he asks judgment.

The appellee answered by general demurrer and special exception, and pleaded that if he ever directly or impliedly listed his lands for exchange with appellant, or promised to pay appellant commission for the exchange of his lands, as alleged in appellant's petition, all of which he denied, such commission was not to become due unless and until appellant procured some person ready, able, and willing to pay appellee $35 per acre for his land, or to exchange other lands therefor and furnish appellee with an abstract of title thereto showing good and merchantable title, and that at no time did appellant ever effect an exchange of said lands or find any person having a good and merchantable title to the lands he proposed to convey to appellee in exchange for his land, for which reason appellee is not indebted to appellant in any sum.

The case was tried to a jury, and, at the close of the testimony, the court directed a verdict in favor of appellee, and rendered judgment that appellant take nothing against appellee, and that he go hence without day, etc.

The appellant, by proper assignment, challenges as error the action of the trial court in peremptorily instructing the jury to find a verdict against him, and in rendering judgment in favor of appellee thereon.

The testimony tends to show that appellant was doing a real estate brokerage business; that he was employed by appellee to assist in the sale or exchange of appellee's land by finding a purchaser therefor; that appellant procured Mr. Taylor and introduced him to appellee; that Mr. Taylor and appellee entered into negotiations for the exchange of their lands; that appellant accompanied Mr. Taylor to inspect appellee's lands in Garza county, and accompanied appellee to inspect Mr. Taylor's lands in Coke county; that, after the inspection, the appellee employed a lawyer who drew up a written contract of exchange, which was executed by Mr. Taylor and appellee, and provided for the payment of a forfeit in the event either party failed to comply with the terms thereof; that the contract was mutually satisfactory to Mr. Lloyd and Mr. Taylor, and they assumed the responsibility of the price and terms embodied in the contract; that appellee was informed by appellant that he charged each party to an exchange the usual and customary commission of 2½ per cent. on the value of the property exchanged, and that appellee impliedly agreed to pay such commission on the value of his lands; that appellant's only obligation was to procure a purchaser to contract with appellee for the exchange of their respective properties, and nothing further was required of him; that appellant procured the contract to be executed by the parties; that the trade was never consummated, as the parties backed out and drew down the forfeit without appellant's knowledge or consent, and that there was no agreement that appellant was not to receive his commission, unless the exchange was finally consummated; that, at the time of the execution of the contract, appellant asked if his commission should not be provided for in the contract of exchange, and was advised by the attorney in the presence of appellee that "It is not necessary. When they sign the contract, your commission is due then." And appellee said: "You are the only man making any money out of it; you are getting over a thousand dollars out of the whole deal." This testimony is not controverted.

■ The appellee contends that a directed verdict in his favor was warranted because the contract was indefinite and failed to describe any parcel of the property involved with sufficient certainty to authorize specific performance.

"Ordinarily, the duties of a broker are merely those of a negotiator, upon whom it is not incumbent to direct or advise as to terms of the contract prepared by the principal, or to explain the meaning of words used. R. C. L. vol. 4, p. 269; Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441; 93 Am. Dec. 172, note. In the absence of an enlarged authority by the principal, the general rule is that the extent of the duty of the broker is merely to find the purchaser." Iowa Canning Co. v. F. S. Ainsa Co., Inc. (Tex. Civ. App.) 267 S. W. 540.

Under this record, appellant was neither responsible for the legality of the contract nor the terms or provisions thereof, as appellee and Mr. Taylor negotiated with each other, the terms of the contract were stated to the lawyer employed by appellee, and the contract prepared by such lawyer under the direction of the parties thereto.

■ Under appellant's allegation that he was engaged in the business of bringing parties together for the exchange of their respective properties, and that he was employed to find a purchaser, and was instructed by appellee to do all he could to bring about the trade with Mr. Taylor, and the testimony that appellant was required to do nothing

except to procure a purchaser to contract with appellee for an exchange of their respective properties, it was not incumbent upon him to prove that Mr. Taylor's title was merchantable.

It is said by the Supreme Court, in the case of Francis et al. v. Foster, 113 Tex. 521, 260 S. W. 1023, in answer to a certified question from the Third district:

"When the seller enters into a binding contract with a purchaser acceptable to him, the seller assumes the risk as to whether or not the purchaser will be in position to perform his part of the contract, and that when such contract is so entered into by the seller the agent has performed all the duties that he can perform under his employment."

"A broker is entitled to compensation when he procures a purchaser with whom his principal is satisfied, and who actually contracts for the property at a price satisfactory to the owner." Conkling v. Krakauer, 70 Tex. 735, 11 S. W. 117.

"The pleadings and uncontroverted testimony in this case show that the purchaser was satisfactory to appellant, and that it contracted with the purchaser for the sale of the property at a price satisfactory to it; hence the question as to whether the purchaser was able to carry out the contract is not involved in this case." Watkins Land Mortgage Co. v. Thetford, 43 Tex. Civ. App. 536, 96 S. W. 72.

To the same effect are the holdings in Seidel v. Walker (Tex. Civ. App.) 173 S. W. 1170; Wolfman & Katz v. Callahan (Tex. Civ. App.) 204 S. W. 777; Waurika Oil Association et al. v. Ellis (Tex. Civ. App.) 232 S. W. 365.

The testimony, if admissible, as to what the attorneys of the respective parties to the contract stated relative to the abstract furnished by Mr. Taylor to appellee showing a good and merchantable title, is of little, if any, probative force in determining whether or not such title was merchantable.

"The evidence relied on is that of the attorney of the proposed purchaser, who testified that it was not good. His conclusion necessarily involved his opinion as to the law of the title. The opinion of counsel, however able and learned, is not evidence. The court must determine the law for itself." Brackenridge v. Claridge et al., 91 Tex. 527, 44 S. W. 819, 43 L. R. A. 593.

Mr. Taylor could testify that he was ready and willing to consummate the exchange, but would not be authorized to testify that he was able to make the exchange, because this would involve his opinion of his title.

In our opinion, the record in this case, both the pleadings and testimony, presents as an issue of fact to be determined by the jury whether appellant was to receive his commission only in the event the exchange was consummated, or whether, when he procured a customer in the person of Mr. Taylor, who entered into a contract satisfactory to appellee, he had discharged his obligation as a broker and earned his commission. Donahue v. Fuller (Tex. Civ. App.) 5 S.W.(2d) 1037.

The appellant was not entitled to an instructed verdict in his behalf, because, although his testimony as to the brokerage contract was uncontroverted, he was the only witness thereto, and was the interested party. C., R. I. & G. Ry. Co. v. Hammond (Tex. Civ. App.) 286 S. W. 486, on motion for rehearing, and authorities cited.

The judgment is reversed, and the cause remanded.