ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* JAMISON.

Opinion delivered October 12, 1908.

MASTER AND SERVANT—ASSUMED RISKS.—One entering the service of another is held to assume the risks ordinarily incident thereto. Thus, a section hand who, while engaged in removing old rails, was injured by a broken bolt which flew up and struck him cannot recover therefor if the risk of danger from the breaking of bolts was an ordinary incident to the work in which he was engaged.

Appeal from Greene Circuit Court; *Frank Smith,* Judge; reversed.

*T. M. Mehaffy, J. E. Williams* and *Campbell & Stevenson,* for appellant.

1.  The accident complained of happened prior to the passage of the act of March 8, 1907, abolishing the fellow servant rule. Appellant is not liable, because the only negligence shown, if any, was that of a fellow servant. Acts 1907, pp. 162-3.

2.  Appellee assumed the risk of injury that might result from the breaking of bolts.  57 Ark. 503, 506; 54 Ark. 289; *Id.* 389; 56 Ark. 206; 48 Ark. 333; 57 Ark. 76; 58 Ark. 324; 41 Ark. 542; 76 Ark. 69; 68 Ark. 316; 77 Ark. 367.

3.  Appellee's own contributory negligence precludes recovery.

4.  If there was danger in this employment, it was patent, and appellant was under no duty to keep a lookout for appellee, but had the right to presume that he would keep a lookout for himself and guard against being struck by pieces of bolts.  39 Ark. 17; 57 Ark. 76.

*W. W. Bandy,* for appellee.

1.  The risk of injury from broken bolts is not one which is an ordinary incident of the service, as is shown by the evidence.  There were strict orders against breaking bolts.  Taps of bolts were usually unscrewed, or, if not, wrenched off.  Breaking bolts was an unusual and infrequent thing.

2.  The breaking of the bolt by the Greek was at the command of the foreman of the extra crew, and appellee had gone to the place where he received the injury at the command of his foreman.  The negligence, if any, was that of the master, and not of a fellow servant.  77 Ark. 367; *Id.* 458; 56 Ark. 206.

Battle, J.  W. E. Jamison was in the employment of the St. Louis, Iron Mountain & Southern Railway Company.  He had been ten or eleven years at the time he was injured as hereinafter stated.  He was employed as a section hand, the principal part of whose work was to take up old ties and rails and replace them with new.  In doing this work the bolts which held the old rails together were sometimes broken.  This was not an uncommon occurrence on defendant's road, and was well known by Jamison, and had been done by himself, and was attended by danger of injury to employees at the time engaged in the

work. It was necessary to be done when nut attached could not be unscrewed. In the month of December, 1906, Jamison and others in the employment of the railroad company, in the course of their employment, were engaged in removing the old track on the Knobel-Helena branch of the company's road, between Lafe and Gainesville in Greene County, and replacing it with new and larger steel rails. While so engaged, many bolts were broken before the 17th day of December, 1906, when the foreman of such employees ordered one of them to break a certain bolt, which he (the employee) did by striking it so as to make a part of it fly in the direction of Jamison and hit and severely injured him. He brought this action against the railroad company to recover damages on account of the injuries received, and recovered judgment. Was he entitled to recover?

"When a servant enters into the service of another, he assumes all the ordinary and usual risks and hazards incident to his employment. He is presumed to have these risks in contemplation, and to contract in reference thereto when he enters into the employ of the master, and consequently cannot recover for injuries resulting to him therefrom." *Southwestern Telephone Co.* v. *Woughter,* 56 Ark. 206.

In this case the plaintiff had been in the service of the defendant for ten or eleven years at the time of the accident, and in that time bolts were broken in removing old rails in the railroad track of the company for the purpose of replacing them with new. While they were not in all such cases broken, yet it was a means employed in removing them. Plaintiff knew this, and, when he entered into or continued in the service of defendant, assumed the risks of dangers incurred by the breaking of bolts in such removal as an ordinary incident, and the railroad company was not liable to him for the damages caused by the breaking. *Railway Company* v. *Davis,* 54 Ark. 389; *Kuhns* v. *Wisconsin, etc. Ry. Co.,* 70 Iowa 561; *Abbot* v. *McCadden,* 81 Wis. 563; 3 Elliott on Railroads, (2 Ed.), § 1289, and cases cited. And the order of the foreman in this case did not make it liable. The evidence does not show that there was any negligence in making the order, or that it was improper. The foreman did not direct how the bolt should be broken, neither was it his duty to do so; the presumption being that the servant who

did the breaking knew how: It was one of the duties he had undertaken to perform when he was employed. If the injury received from the breaking was caused by the negligence of any one, it was of the servant in driving a part of the bolt in the direction of plaintiff. If it was, the defendant is not liable for damages, the plaintiff and the servant at that time being fellow servants.

Judgment reversed and action dismissed.

McCulloch, J. (dissenting). I can not agree to the conclusion reached by the majority of the judges as expressed by Mr. Justice Battle. Giving the evidence its strongest probative force, which we should do in testing its legal sufficiency, there was abundant evidence to sustain the verdict.

Appellee was working under the orders of Harris, foreman and the Greek who knocked the bolt was working under the orders of Jourdan, foreman of another gang. Harris ordered appellee to take a lining bar and remove an old rail, and while he was standing on the track, absorbed in doing this work in accordance with his foreman's orders, Jourdan ordered the Greek to break a bolt at the other end of the rail. The Greek struck the end of the bolt with a maul, striking and knocking it in the direction of appellee. Jourdan was standing there watching the Greek strike the bolt, and could see that he was striking in the direction of appellee, and could see that the latter was absorbed in his work and unconscious of danger. The jury must have found that Jourdan, who was not a fellow servant with appellee, but a vice-principal of appellant, saw what was going on and could have avoided the injury either by warning appellee of the danger or by directing the Greek to strike in another direction. Conceding that the Greek was a fellow-servant with appellee, the negligence of the master concurred in causing the injury, and that rendered the master liable. It is a familiar principle in the law of master and servant that the latter does not assume the risk of danger caused by the negligent act of the former. Authorities are too numerous to require citation. The evidence shows, it is true, that it was customary for the workmen engaged in this work to break the bolts with a hammer or maul when they could not unscrew the nut from a bolt with a wrench, and as appellee is presumed to have known

of that custom he must be held to have assumed the risk of any danger resulting from negligence of a fellow servant in breaking the bolts, but not that resulting from the negligence of the master: He had the right to proceed upon the presumption that the master would commit no negligent act to his injury, and he is not, therefore, deemed to have assumed the risk of any such danger.

Mr. Justice WOOD concurs.