## WILKINS *v.* EANES.

### Opinion delivered December 4, 1916.

1. SPECIFIC PERFORMANCE—ACTION BY VENDOR OF REAL ESTATE.—The relief of specific performance may be granted to a vendor of real estate.

2. WILLS—DEVISE OF LAND—DEVISE IN FEE WITH DEVISE OVER.—A testator by a paragraph in her will, devised certain property to one E., the same to be controlled and managed by one C. until E. became of age, when the same should vest in the said E. in fee simple. Another paragraph in the same will provided that in the event of the death of E. without issue of his body surviving, that the title to the property devised as above, should vest in fee simple in one M. *Held,* the time at which the devise over would take effect would be the death of E. before attaining his majority, but M. having died before the testator, and E. having attained his majority, E. will be

*held* to have a fee simple title to the land, and that he could by deed pass a fee simple title to the same.

3.  WILLS—CONSTRUCTION—EARLY VESTING OF ESTATES.—In the construction of wills, the law favors an early vesting of estates devised.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; affirmed.

*Moore, Smith, Moore & Trieber*, for appellant.

1.  Under the will, appellee took only a qualified fee in the lots, with a limitation over by way of executory devise.   82 Ark. 209; 55 Wisc. 96; 100 N. Y. 288; 11 R. C. L. 470; 2 Jarman on Wills, 44, 485, 495; 13 N. Y. 273; 19 *Id.* 344; 4 Kent Com. 279; 26 Atl. 770; 3 Term. (Pa.) 143; 74 Ark. 545; 105 N. W. 161; 81 Ark. 480; 2 Redfield Wills (3 ed.) 278; Page on Wills, § 684; 11 R. C. L. 476-7.  See, also, 3 Ark. 148; 13 *Id.* 91, and 23 *Id.* 356; 19 *Id.* 66-9.

2.  The limitation over to Mary A. Eanes and heirs is a valid executory devise, and upon her death before the testator it did not lapse.  The words "heirs and assigns" are not to be taken as words of limitation, but as words of purchase.   105 Ark. 565.  The word "heir" is often construed to mean "children."  68 Ark. 369; 72 *Id.* 539, 565-7. See, also, 68 Ark. 376; 50 Atl. 1001; 25 N. E. 1013; 18 Atl. 857; 50 *Id.* 750; 10 L. R. A. 161; 95 Ark. 18.

*Rose, Hemingway, Cantrell, Loughborough & Miles*, for appellee.

1.  The intention of the testator is the thing to be sought.  The intention was that Eanes should have the whole estate in fee.  4 Kent Com., 4, *p. 5 and 8*p. 9, etc.; 1 Washb. Real Prop., *p. 51-52; Kirby's Digest, §§ 731-3; 50 Hun. 324-8; 71 N. E. 137; 35 *Id.* 9; 58 *Id.* 191; 58 Atl. 472; 23 *Id.* 349; 26 S. E. 722; 187 Mass. 562; 73 N. E. 672; 36 Atl. 318; 108 Pac. 87; 3 Ark. 148; 23 *Id.* 356, 378; 81 *Id.* 480.

2.  Item 8 refers to an indefinite failure of issue. 3 Ark. 148, 191-4-5; 4 Kent. Com. 283; 23 Ark. 356; *Ib.* 378, etc.

3. Looking at all the provisions of the will, it was clearly the intention to give Eanes an estate in fee. 137 Ky. 167; 117 S. W. 264; 104 Ark. 448; 126 Fed. 701; 39 S. W. 12; 39 N. E. 388; 67 N. W. 605; 69 Hun. 469; 87 *Id.* 110; 155 N. Y. 677; 145 *Id.* 351-9; 81 *Id.* 356.

4. If there was a valid executory devise, it lapsed. 105 Ark. 565; 80 Me. 290; 67 Conn. 249; 34 Atl. 1106; 108 Mass. 382; 159 *Id.* 280; 162 *Id.* 448; 28 N. J. Eq. 59; 3 Dem. (N. Y.) 43; 113 N. Y. 369; 38 Pa. 34; 60 Tex. 426; 2 W. & S. (Pa.) 450; 1 Jarman on Wills, 617-621.

5. Mrs. Eanes died before the testator and appellee had a quitclaim deed from D. F. S. Galloway, which perfected his title.

*Moore, Smith, Moore & Trieber,* in reply.

1. The intention must be gathered from the whole instrument. Only a qualified fee was intended. 71 N. E. 137; 35 *Id.* 9; 53 *Id.* 191; 58 Atl. 472; 26 S. E. 722; 187 Mass. 562; 11 R. C. L. 470; 23 Atl. 349; 36 *Id.* 218; 180 Pac. 87.

2. The limitation over to Mary Eanes, her heirs and assigns can not be confined to the occurrence of the death of David Eanes in the lifetime of the testatrix. 112 U. S. 526; 20 S. W. 306; 118 Ky. 512; 5 S. E. 430; 20 Ohio C. C. 409; 14 Atl. 850; 157 *Id.* 79.

3. As to failure of issue, see 4 Kent. Com. 299; 26 Atl. 770; 3 Tenn. (Pa.) 143; 44 Ark. 545, 550.

McCULLOCH, C. J. This is an action instituted by appellee in the chancery court of Pulaski county to compel specific performance of a written contract entered into between him and appellant, whereby he agreed to sell, and appellant agreed to purchase, certain real estate situated in the city of Little Rock. The contract set forth in the complaint is unambiguous in its terms, and constitutes an undertaking on the part of appellee to sell, and on the part of appellant to purchase, the two lots for the stipulated price. Appellant paid the sum of $100 on the purchase price, which is recited in the contract, and undertook to pay the bal-

ance "upon presentation of a good and valid warranty deed, after allowing ten days from delivery of abstracts of title and taxes for examination of title only." It is further stipulated in the contract that appellee was to furnish "a fee simple absolute title." Appellant refused to perform the contract on the alleged ground that appellee was unable to furnish a perfect title to the property which was the subject of the contract. The case was tried upon an agreed statement of the facts, and the chancellor decided in favor of appellee and rendered a decree for the specific performance of the contract. The only question, therefore, presented for our decision is whether or not appellee's title was such that appellant was bound to accept, or whether appellee failed to present a "fee simple absolute title" within the meaning of the contract.

(1) There is no question raised about the jurisdiction of the chancery court to decree specific performance of such a contract at the request of the vendor. That question has never been expressly passed on by this court, though it seems to be conceded in one of our decisions that the court may grant that relief to a vendor, the same as to the vendee, under a contract for the conveyance of real estate. *Hodges, ex parte,* 24 Ark. 197. It seems to be settled, however, by the great weight of authority that the relief of specific performance may be granted to a vendor of real estate, and we need not enter into any discussion of that question here or refer to the reasons upon which the relief is granted. 36 Cyc. 552-565.

Appellee derived title to the property under the last will and testament of his great-aunt, Elizabeth S. Shall. The clause under which the property in question was devised to appellee reads as follows: "Item 5. I will, devise and bequeath to my grand nephew, David F. Shall Eanes, lots 7, 8 and 9, in block 93, in the city of Little Rock, Pulaski county, Arkansas, the same to be controlled and managed for him by my grand nephew, David F. Shall Galloway, as trustee, until he is twenty-one years of age, or until he is relieved of

his disabilities of minority when the same shall vest in fee simple in the said David F. Shall Eanes. But until that time, the same shall be controlled as above set out, and the income thereof shall be used for the support and education of the said David F. Shall Eanes." Under the preceding clause of the will, certain other property was devised to appellee's mother for and during her natural life, with remainder over at her death to appellee. A subsequent clause of the will, under which the present controversy arises, reads as follows: "The property herein devised and bequeathed in items 4 and 5 to my grand nephew, David F. Shall Eanes, shall in the event of his death without issue of his body surviving, vest in fee simple in his mother, my niece, Mary A. Eanes, her heirs and assigns." The residuary clause of the will devised to D. F. S. Galloway all the rest of the estate of the testatrix not specifically devised.

Mary A. Eanes died during the lifetime of the testatrix, and at the time this contract was entered into appellee was 25 years of age and was in full enjoyment of the use of the property devised to him. Appellee also had procured a quitclaim deed from D. F. S. Galloway, the residuary devisee under the will.

The contention of appellant is (stating it substantially in the language found in the brief) that under the terms of the will, appellee took only a qualified fee in the lots in question, with a limitation over by way of executory devise to his mother upon the death of appellee without issue of his body surviving; that the devise over should be construed to be upon a definite failure of issue, and was therefore valid, and that it did not lapse upon the death of Mrs. Eanes during the lifetime of the testatrix or fall into the residuary clause of the will.

The language of the devise undoubtedly refers to a definite failure of issue, and the only question is as to the point of time to which it refers. The contention of counsel for appellant is, of course, that it refers to the time of the death of appellee, and that the title he took was not absolute.

We are of the opinion that this case is ruled by the principles announced in the recent case of *Harrington* v. *Cooper*, 126 Ark. 53, where we said: "This is an application of a rule that where an estate is devised to one for life with remainder to another, with the further provision that 'if the remainderman shall die without having a child, then to a third person,' the words 'die without having a child,' are restricted to the death of the remainderman before the determination of the particular estate." In that case there was a devise for life, and we held that the language used with reference to the devise over referred to the death of the first taker. The application of the principle announced in that case is slightly varied in the present one so as to construe the language to refer to the period at which the appellee was to come into full enjoyment of the property—in other words, when the trusteeship for his benefit ceased and the legal title vested in him. The principle announced, and its application to the facts of the present case, are sustained by the authorities there cited and others. It will be noted that the devise of this property was to appellee, that the same should be "controlled and managed for him," by D. F. S. Galloway, as trustee, until appellee should become twenty-one years of age or be relieved of his disabilities of minority, and that then the title "shall vest in fee simple in the said David F. Shall Eanes." This language is very emphatic and it manifests unmistakably the intention of the testatrix to give to appellee at some time the title in fee.

One of the leading cases in this country on the question of construction of apparently conflicting devises is that of *Washbon* v. *Cope*, 144 N. Y. 287, where Mr. Justice Peckham, in delivering the opinion of the court, said: "We are confronted in the first place by the well settled rule that courts refuse to cut down an estate already granted in fee or absolutely when the supposed terms of limitation are to be found in some subsequent portion of the will, and are not in themselves clear, unmistakable and certain so that there can

be no doubt of the meaning and intention of the testator. * * * There is another rule which is also well settled, that where the devise or bequest over to third persons is not dependent upon the event of death simply, but upon death without issue or without children, the death referred to is death in the lifetime of the testator. It is true that in some cases courts have stated that they would lay hold of slight circumstances to vary this construction and give effect to the language according to its natural import as referring to a death, under the circumstances mentioned, happening either before or after the death of the testator. But those circumstances must be such that a court can reasonably say there is good and fair ground upon which to base an alteration of the rule outside of and beyond the language which courts have heretofore held compelled them to enforce the rule as stated. When the language of a devise or bequest is such that the courts, without looking at any other provisions of a will, would say that such language meant, within the well-settled decisions, that the death spoken of was death before that of. the testator, then the language in other portions of the will which is to alter that rule must be such as at least to give fair, clear and reasonable ground for saying that its proper effect is to change the rule in question."

(2) Applying this rule in the construction of the language of the will, it is entirely clear that, even without indulging the presumptions generally recognized in favor of the early vesting of estates, the testatrix intended to vest the estate absolutely in appellee at some time during his life; and since she fixed a definite period for that to occur, namely, when he became twenty-one years of age, or was otherwise relieved of his disabilities of minority, we are driven to the conclusion that his death before that occurred was the period at which the devise over was to take effect, if at all. It being shown that appellee has attained the age of majority, and that the contingency upon which the devise over should take effect did not happen within the time

specified, it follows that appellee's title under the will became absolute, and that he was in position to tender to appellant, and did so tender, a conveyance which conveyed the title in fee simple.

(3) This conclusion is not affected by the peculiar result to which attention is called by counsel for appellant, which might have arisen with respect to the application of the devise over in the fourth clause of the will which leaves certain property to appellee's mother with remainder over to him in fee at her death. It is argued that the executory devise contained in item 8 of the will could have no application, as the period fixed for the failure of issue should be held to refer to the time of the death of the testatrix or to the period fixed for full enjoyment by appellee under the will. We need not concern ourselves now about the effect of this upon the property embraced in the other clause of the will, for we are clearly of the opinion that the conclusion we have reached gives a natural interpretation to the language used and reaches a result which the law always favored, namely, the early vesting of estates in land. It is not, however, very difficult to apply the same rule to the devise in item 4 and to hold that the contingency upon which the executory devise over is to vest related to the time when appellee was to begin the enjoyment of the estate. This conclusion brings that feature of the case squarely within the rule laid down in *Harrington* v. *Cooper, supra*.

We are of the opinion, therefore, that the chancellor reached the correct conclusion in the interpretation of the will, and that appellant should be compelled to specifically perform the contract. The decree is therefore affirmed.