LASKER-MORRIS BANK & TRUST COMPANY *v.* JONES.

Opinion delivered December 22, 1917.

REAL ESTATE BROKERS—COMMISSIONS—FACTS NOT KNOWN TO THE SELLER.—Appellee employed appellant to sell certain property, and appellant procured a purchaser for the property. A written contract between the purchaser and appellee was drawn up, which provided, among other things, that the purchaser was to pay $3,500 cash, and appellee was not to pay any commission out of that sum. Appellee then refused to complete the transaction, it appearing that the purchaser was to pay $4,000 cash, and appellant was to receive $500 of this as his commission. *Held,* the appellant was entitled to a commission of $500.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed.

*Cockrill & Armistead* and *Edgar H. McCulloch,* for appellant.

1.   The court erred in its findings of facts and conclusions of law therefrom.

Appellant was employed to sell or change appellee's property. A purchaser was procured and a binding contract entered into, which was never carried out through the fault of appellee. No valid defense was shown. 117 Ark. 566. Parol evidence was admissible to show the real

consideration of the contract. 10 R. C. L. 1020, par. 213. Specific performance against Raines could have been maintained to compel Raines to pay the $4,000. See also A. & E. Ann Cas. 1912-A, 1267; 119 Ark. 6.

*Carmichael, Brooks & Rector,* for appellee.

1. Appellee never agreed to pay the $500 commission. The minds of the parties never met. The findings of the court are as conclusive as the verdict of a jury.

2. Good faith was required. The agent of appellant did not act in the utmost good faith as the testimony shows he never disclosed the offer of $4,000 cash.

3. Where one party to a contract breaches it, the other may elect to treat the whole contract at an end. 3 Elliott on Cont., § 2026; 3 Page on Cont., § § 1432-1442; Lawson on Cont. (2 ed.), 525, 531; Black on Rescission and Cancellation, etc., Vol. 1, § 196, p. 507; 30 L. R. A. 30.

4. Specific performance would not lie against Raines to enforce the payment of $4,000 cash. 89 Ark. 289; 85 *Id.* 442.

5. The burden was on plaintiff to show that Raines' objection to the title was a valid one. The special findings were not inconsistent with the general finding. 84 Ark. 359; 106 *Id.* 296. Raines breached the contract and appellee was not liable. 112 Ark. 567, 571. George E. Jones was never given an opportunity to sign the deed, and his signing was not shown to be necessary.

SMITH, J. Appellant brought this suit to recover a sum alleged to be due as commissions upon a sale of real estate. The suit was prosecuted upon the theory that appellee had employed appellant to negotiate a sale of certain lots owned by her in the city of Little Rock, and that a valid and binding contract had been entered into with a prospective purchaser, which appellee should have caused to be specifically performed, and that, when she failed to do so, and thereby released the prospective purchaser from the obligations of his contract, she did not absolve herself from her liability for the broker's commissions, as these commissions were earned when an en-

forceable contract, complying with the terms of the agency was entered into with the prospective purchaser. Appellant opened negotiations with a prospective purchaser named Raines, and finally entered into the following contract in writing with him:

"Received of Mr. E. E. Raines the sum of $10 as part payment on the east 125 feet of lots 7, 8 and 9, block 175, city of Little Rock, the purchase price of property to be $3,500 cash, the assumption by said E. E. Raines of a mortgage for $5,000 now on the property in favor of the Union Trust Company, and for the remainder of the purchase price said E. E. Raines is to deed to me, free of all liens and encumbrances, lots 7, 8, 9, 10, 11 and 12, block 8, North Argenta.

"It is understood that Mr. E. E. Raines is to pay the taxes on the property I am selling to him for the year 1915, and I am to pay the taxes on the six lots in Argenta above described, also that I am not to pay any commission out of the above described $3,500.

                    "(Signed)    Sadie L. Jones.
"Stamp, E. E. R., 12/28/1915.
"Accepted, E. E. Raines."

There was also introduced in evidence a writing identical with the one set out except that the name of Raines was signed by M. J. Sullivan, agent. Sullivan was an employee of appellant company, and had charge of the trade for it. His good faith is questioned by appellee, who insists that she was not advised that a cash consideration of $4,000 was in fact to be paid, instead of the sum of $3,500 as recited in the contract set out above. Sullivan testified that appellee was to receive the $3,500 net, and that appellant company was to have the additional $500 as its commission, and that this fact was explained to, and understood by, appellee. This suit was brought to recover this $500.

The court made the following findings of fact:

"2.    Plaintiff was employed by the defendant as her agent to sell or exchange her property described in the complaint.

"3.    Defendant did effect an agreement which was in writing between E. E. Raines and the defendant. This agreement was for $3,500—defendant to pay no commission. Defendant offered to comply with this agreement and submitted a deed signed by herself, which was refused by Raines on account of her son not having signed it.

"4.    The plaintiff was the agent of Sadie L. Jones, defendant in this transaction.

"5.    E. E. Raines was ready, willing and able to carry out the above mentioned contract.

"6.    M. J. Sullivan, agent for the plaintiff, discussed the transaction with the defendant, stating to her that the deal was for $4,000 and that he 'was getting' $500 as his commission.

"7.    The defendant was told that plaintiff was to get $500 commission, but defendant expected that to be included in the purchase price over and above the $3,500.

"9.    Plaintiff brought defendant and Mr. E. E. Raines together in a contract that was evidenced in writing for an exchange of property and $3,500 in cash.

"10.    After the making of the written contract E. E. Raines submitted to the agent of the plaintiff a memorandum evidencing an offer of $4,000 and an exchange of property."

The court was asked to specifically find whether or not appellee tendered Raines her deed in compliance with the agreement of sale and exchange, and whether or not the same was refused by Raines, and, if so, for what reason. The court answered this request by referring to its finding No. 3, set out above, upon the evident theory that the question was answered in that finding. Numerous objections were made to these findings. But we can not say that any one of them is unsupported by the testimony. It is also insisted that the verdict is contrary to the law as applied to the facts found by the court.

The case of *Reeder* v. *Epps,* 112 Ark. 566, was a similar case under the facts to the instant case so far as the controlling question is concerned, and it was there said:

"The law is well settled that, in the absence of a special contract providing otherwise, an agent employed to sell or find a purchaser for land earns his commission and is entitled to recover the same when he produces a purchaser ready, willing and able to buy upon the terms named and the principal enters into a binding contract with the produced purchaser or having an opportunity to do so declines to accept the purchaser. *Moore* v. *Irwin,* 89 Ark. 289.

"He must, however, have the opportunity to accept the purchaser upon the terms named and to enter into a binding contract, for if the negotiations are stopped by the purchaser without fault of the principal before a binding contract is entered into, then no commissions are earned.

" 'The broker, having presented a proposed purchaser who is capable of entering into a contract of purchase, and willing to do so, has earned his commission when the vendor accepts him and enters into a valid contract with him for the sale of the land, even though the sale is never in fact consummated by reason of the failure of the proposed purchaser to perform his part of the contract.' *Moore* v. *Irwin, supra.*"

A recovery in that case was denied, however, because, without fault on the part of the owner, the negotiations ended short of the consummation of a sale.

Here a valid contract in writing was made which recites the terms of the contract fully except that it recites the cash payment to be made to appellee to be $3,500, instead of $4,000, and recites that no commission was to be paid out of this $3,500. Appellee insists that under the facts a suit for specific performance of the contract could not have been maintained against Raines if a cash payment of $4,000 had been demanded in the complaint. This appears to be the real question in the case, for appellee says in her brief that, "The contract signed by Raines and appellee must have been enforceable in an action for specific performance, and must have contained the full consideration and terms." We think this writing was

sufficiently full and certain to take the transaction out of the statute of frauds, and that parol evidence was admissible to show the true consideration. In the case of *Magill Lumber Co.* v. *Lane-White Lumber Co.,* 90 Ark. 426, it was said that, though the recitals of a writing can not be contradicted by parol evidence, for the purpose of defeating such instrument, it is competent to prove by such evidence that the consideration has not been paid as recited, or to establish the fact that other considerations not recited in the deed were agreed to be paid when such proof does not contradict the terms of the writing.

The court found the fact to be that the cash consideration was to be $4,000, of which sum appellant was to receive $500, and proof of that fact, which could have been made in a suit for specific performance, would have entitled appellee to a decree accordingly. *Wilkins* v. *Eanes,* 126 Ark. 339.

The judgment of the court below is, therefore, reversed, and judgment will be rendered here for plaintiff for $500 and interest thereon.