## WARMACK v. PERKINS.

### Opinion delivered February 11, 1918.

1. REAL ESTATE BROKERS—COMMISSIONS.—Held, a real estate broker was entitled to a commission where he produced a purchaser, ready, willing and able to buy upon the terms named by the seller.

2. SALE OF LAND—CONTRACT.—A contract to purchase land, *held* binding upon the parties.

Appeal from Little River Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*June R. Morrell* and *Will Steel,* for appellant.

1. The court must take that view of the evidence most favorable to the party against whom the verdict is directed. 89 Ark. 372; 73 *Id.* 361.

2. Where there is any evidence tending to establish the issue it is error to take the case from the jury. 89 Ark. 372; 77 *Id.* 556; 63 *Id.* 94.

3. Where the intention of the parties is not clear from the contract, on its face, the question should be left to the jury. 89 Ark. 373; 39 *Id.* 414; 89 *Id.* 222.

4. The instrument was prepared by Perkins and it should be construed more strongly against him. 105 Ark. 524; 90 *Id.* 256.

5. The instrument was only an option. 82 Ark. 581; 78 *Id.* 306. Even if ambiguous it was nevertheless intended and understood to be an option. 94 Ark. 461; 106 *Id.* 400; 113 *Id.* 325; 95 *Id.* 449; 86 Fed. 574; 81 Ark. 342; 31 *Id.* 162.

6. The contract was not completed, and the commission was not due or earned until the consideration was paid unless it was shown that Ellis was able and willing to carry out the contract and was prevented by default or failure of Warmack. 81 Ark. 101; 4 R. C. L. 331; *Ib.* 315; 80 Ark. 258.

7. The question as to what was the oral contract and when the commission was due should have been left to the jury. It was error to direct a verdict. Authorities *supra.*

*A. D. Dulaney, Geo. R. Steel, Steel & Steel* and *John J. Dulaney,* for appellee.

1. The instrument was a consummated contract of sale and not an option. It was mutual and binding. 82 Ark. 573; 78 *Id.* 306; 104 *Id.* 459; 104 *Id.* 575; 104 Ga. 107; 6 R. C. L. 603; 21 L. R. A. 132.

2. Oral statements by appellant as to his intention to give an option do not control. 30 Ark. 197; 78 *Id.* 575; 104 *Id.* 575.

3. The instrument is plain and unambiguous and a verdict was properly directed. 20 Ark. 583; 79 *Id.* 175; 78 *Id.* 574; 69 *Id.* 562; 104 *Id.* 267; 97 *Id.* 438.

4. Perkins fully performed his contract and earned the commission. 87 Ark. 511; 97 *Id.* 23; 20 Ann. Cas. 1024; 84 Ark. 462; 53 *Id.* 49; 11 Ann. Cas. 433, 786; 152 N. W. 977; 76 Ark. 375; 55 *Id.* 574.

5. A sale was made and its failure to go through was no fault of appellee. The cases cited by appellant are not in point.

McCULLOCH, C. J. Defendant owned a light, ice and power plant in Ashdown, Arkansas, and operated the same under the name of Ashdown Ice & Power Company. Desiring to sell the property, he entered into a contract with the plaintiff, who was engaged in the real estate business in Ashdown, to find a purchaser for the plant and certain other property owned by defendant, at the price of $44,000.00. Plaintiff found a purchaser at that price in the person of E. S. Ellis, with whom defendant entered into a written contract as follows:

"This agreement, made and entered into on this the second day of March, 1917, by and between L. M. Warmack, hereinafter known as the party of the first part, and Edward S. Ellis, hereinafter known as the party of the second part.

"WITNESSETH: That the party of the first part has this day agreed to sell to the party of the second part, or his assigns, his light, ice and power plant, together with his block of ground, now where he lives, for

the sum of Forty-four Thousand Dollars ($44,000.00), on the following terms:

"Fifty Dollars cash, receipt of which is hereby acknowledged. One Thousand Dollars ($1,000.00) on or before April the first, 1917. Fifteen Thousand Dollars ($15,000.00) on or before July the first, 1917. At which time the party of the first part agrees to give possession of his entire holdings as above mentioned, with the understanding that the party of the second part shall pay the remaining part of the Forty-four Thousand Dollars ($44,000.00) on or before January the first, 1918."

The contract was signed by both of the parties thereto. Immediately after the contract was entered into between defendant and Ellis, another person appeared on the scene, a Mr. Morgan, to whom defendant had previously given an option for the sale of the plant. Morgan insisted upon his right to purchase the plant under his option, and filed a suit against defendant and Ellis in the chancery court to prevent the consummation of the sale to Ellis and to compel defendant to make good his option contract. The sale to Ellis has never been consummated. Defendant testified in the case but did not dispute the correctness of plaintiff's testimony concerning the terms of his contract. He merely offered to prove that his contract with Ellis was only an option to sell and that he stood ready at all times to carry out its terms but that Ellis declined to exercise the option and purchase the property. The court refused to admit that testimony for the reason that the contract was in writing and was free from ambiguity.

At the conclusion of the introduction of evidence, defendant, notwithstanding the court's refusal to admit oral testimony showing what the understanding was between him and Ellis in executing the contract, requested the court to charge the jury that if the contract was intended as an option and that defendant was still ready to carry out its terms, plaintiff could not recover. Those were the only issues which defendant asked to be submitted. He did not ask for a submission of any issue

concerning the terms of the contract between him and plaintiff, but treated the question of the effect of the contract between him and Ellis and of his readiness to perform that contract as the only issues in the case.

(1) If the undertaking of defendant, in order to secure a commission, was merely to produce a purchaser "ready, willing and able to buy upon the terms named," and he in fact produced one with whom his principal entered into a contract for the sale of the property, then the commission was earned and plaintiff was entitled to recover. *Pinkerton* v. *Hudson,* 87 Ark. 511; *Moore* v. *Irwin,* 89 Ark. 289; *Reeder* v. *Epps,* 112 Ark. 566; *Lasker-Morris Bank & Trust Co.* v. *Jones,* 131 Ark. 576.

(2) Such are the facts of this case, according to the undisputed evidence, and the court was correct in directing a verdict in plaintiff's favor. But it is contended that the contract between defendant and Ellis was not a binding one for the sale of the plant because it lacked mutuality in that the contract contained no express undertaking on the part of Ellis to purchase the property. We do not agree with this contention, for both parties signed the contract and the acceptance of its terms by Ellis implied a reciprocal obligation to purchase according to the terms specified in the contract. *Thomas-Huycke-Martin Co.* v. *Gray,* 94 Ark. 9. Nor was there any ambiguity in the language of the contract as contended on behalf of defendant so as to let in oral testimony.

The court was correct in excluding that testimony, for the contract is entirely free from ambiguity.

Judgment affirmed.