## MICKS ET AL. v. STEVENSON.

[No. 2,659. Filed Nov. 1, 1898. Rehearing denied June 7, 1899.]

APPEAL AND ERROR.—*Complaint Assailed for First Time on Appeal.* — *Sufficient Averments.*—Where a contract, the basis of an action, is copied in full in the complaint with an averment that plaintiff had complied with all its terms upon his part, no material averment being omitted, it will withstand an attack when made for the first time on appeal. *p. 477.*

SALES.—*Brokers.*—*Commissions when Earned.*—A sale is complete, entitling a broker to his commission for effecting the same, when the buyer and seller agree upon price and terms, and enter into a written agreement providing for deferred payments and the assumption of debts, although the conditions of the contract are never complied with. *p. 478.*

From the Elkhart Circuit Court. *Affirmed.*

*J. S. Dodge* and *O. Z. Hubbell*, for appellants.

*O. T. Chamberlain* and *P. L. Turner*, for appellee.

HENLEY, C. J.—Appellants were on the 23rd day of April, 1896, the owners of one-half of the capital stock of the Home Electric Light & Power Company, a corporation doing business in the city of Elkhart, Indiana, and upon that day entered into the following contract with appellee:

"This agreement made this 22nd day of April, 1896, between Milton S. Stevenson, of the city of Elkhart, county of Elkhart, State of Indiana, party of the first part, and J. E. Micks and E. G. Gilman also of said city of Elkhart, parties of the second part, witnesseth: That, for and in consideration of the covenants herein by the parties of the second part, said party of the first part agrees to negotiate a sale to one Carroll Collins of Champaign, in the state of Illinois, of a one-half interest in the Home Electric Light & Power Com-

pany, a corporation doing business in the said city of· Elk-
hart, said one-half interest being owned by said parties of the
second part hereto. It is agreed that upon the consummation
of said sale at a sum first to be approved and accepted by the
parties of the second part, that the said parties of the second
part shall pay to said party of the first part the sum of one
thousand dollars ($1,000). In witness whereof, we have
hereunto set our hands this day and date first above men-
tioned. Milton S. Stevenson, party of the first part. J. E.
Micks and E. G. Gilman, party of the second part."

Appellee's complaint is founded upon this contract. Said
contract is set out in the body of the complaint, and it is
alleged that appellee duly performed all the covenants and
agreements upon his part as are stipulated in the contract;
that he negotiated a sale of said one-half interest in said stock
to said Carroll Collins, the person named in said agreement;
that appellants were the owners of said one-half interest so
sold, and that said sale so made was made at a price approved
and accepted by appellants, and that the sum of $1,000 is due
and unpaid. Judgment is asked for $1,000.

Appellants answered by the general denial. There was a
trial by jury, and a verdict for $1,000 in favor of appellee.
Appellants' motion for a new trial was overruled, and judg-
ment rendered in accordance with the verdict of the jury.

The assignment of errors on appeal to this court questions
the sufficiency of the complaint, and the action of the lower
court in overruling the motion for a new trial. The com-
plaint is attacked for the first time upon appeal, and counsel
for appellants in their able brief nowhere attempt to show
to this court, or contend, that a material averment has been
omitted from the complaint. It is claimed by appellants'
counsel that the general averments that appellee complied
with all the terms of the agreement upon his part, and that
the sale was consummated at a sum approved and accepted by
appellants, is not a sufficient showing of performance of the
terms of the agreement upon the part of appellee, but that

appellee should have stated what he did, and from such state-ment of facts the court could conclude whether or not he had complied upon his part with the terms of the contract. Without discussing the merits of appellants' contention, it is enough to say that the averments of appellee's complaint were sufficient, under which the court could without error admit proof of what appellee actually did toward the per-formance of the conditions imposed upon him by the contract. It is only where a material averment is entirely omitted from a complaint that this court will hold the complaint bad when attacked for the first time upon appeal. This, we think, is the correct rule. *Western Assurance Co.* v. *Koontz*, 17 Ind. App. 54, and cases there cited.

All but two of the various reasons urged by appellants in their motion for a new trial are waived, on account of failing to discuss them in the briefs filed in this court. The two reasons discussed relate to the giving of certain instructions to the jury, and the admission of certain evidence. Appellee offered in evidence a written contract between the Home Electric Light & Power Company, O. N. Lambert, and the appellants, Micks and Gilman, as parties of the first part, and the said Carroll Collins, as party of the second part. This contract provided for the sale and transfer to said Car-roll Collins of all the stock in the said Home Electric Light & Power Company. It further provided that said Collins should pay the sum of $2,000 cash at the time of the execu-tion of the contract, the payment of $8,000 on or before the 15th day of December, 1896, and the further payment of stated amounts at stated times therein mentioned; that said Collins should assume certain existing indebtedness, and that the stock should not be transferred to said Collins until the $8,000 payment, which was due on or before December 15, 1896, had been paid by him. It is not contended that the contract was not duly executed by all the parties thereto, but it is claimed by appellants' counsel that no sale was con-summated under the contract, because it was conditional and

the conditions were never complied with by the purchaser, and that, by the terms of the contract, no sale could be consummated prior to the payment of the $8,000, due December 15, 1896. If this agreement evidenced a sale of the stock of appellants to said Carroll Collins, it was certainly competent evidence upon the trial of this cause.

Chancellor Kent says: "A sale is a contract for the transfer of property from one person to another for a valuable consideration; and these things are requisite for its validity, viz.: The thing sold, which is the object of the contract, the price and consent of the contracting parties." 2 Kent's Com. 468. The contract offered in evidence was a contract for the transfer of property, and all of the things requisite for its validity are therein recited. The conditions named in the contract make it none the less a sale. They were such conditions as were imposed by the seller, and agreed to by the purchaser. The ownership and equitable title to the property described in the contract passed to the said Carroll Collins. The sale was complete, and appellee could have nothing to do with, or control in any manner the terms thereof, or the conditions imposed upon the buyer. In the case of *Beardsley* v. *Beardsley*, 138 U. S. 262, the appellant had signed and delivered to appellee a paper in the following words: "I hold of the stock of the Washington & Hope Railway Company $33,250, or 1,350 shares, which is sold to Paul F. Beardsley [the appellee] and which, though standing in my name, belongs to him, subject to a payment of $8,000, with interest." It was held in the above cited case that the equitable title and ownership of the stock passed to the party to whom the paper was delivered, with a reservation of the legal title by the former as security for the purchase money. See 21 Am. & Eng. Ency. of Law, p. 483.

The question of whether or not appellee was instrumental in effecting the sale as evidenced by the contract under consideration, and whether such sale grew out of the contract upon which appellee's action was founded, was a question for

the jury, and was decided adversely to appellants. The instructions complained of by appellants, we think, stated the law correctly. We find no error in the record. Judgment affirmed.