[Civ. No. 1449. Second Appellate District.—June 6, 1914.]

SWANK & LETTON (a Corporation), Respondent, v. C. I. ROBERTS, Appellant.

BROKERS—CONTRACT OF AGENCY—TESTIMONY AS TO BROKER'S UNDER-STANDING OF IT.—In this action by a broker to recover his commission for obtaining a purchaser for a certain lease, it was error, though not prejudicial in view of the court's interpretation of the contract of agency, to permit the broker to state, in reply to a question what was meant by a clause in the contract that "should he succeed in consummating a deal with this purchaser" he should "be paid five hundred dollars," "My very clear understanding was that when I obtained fifteen hundred dollars for her lease, I was to receive five hundred dollars for it."

ID.—EVIDENCE—ADMISSIBILITY OF JUDGMENT-ROLL IN ANOTHER ACTION. In such action the judgment-roll in another action, brought by the prospective purchaser against the seller to recover the money paid on account of the sale, was inadmissible against the broker as *res inter alios acta.*

ID.—COMMISSION—WHEN EARNED—CONSUMMATION OF SALE.—Where a contract with a broker for the sale of a lease recites that he has a prospective purchaser from whom he expects to secure fifteen hundred dollars for the lease, and that "should he succeed in consummating a deal with this purchaser" he shall be paid the sum of five hundred dollars, the broker is entitled to his commission when he brings the owner of the lease and the prospective purchaser together and secures the payment of the fifteen hundred dollars; and the fact that the seller thereafter refuses to transfer the lease because the

purchaser fails to perform his agreement to pay an additional sum agreed upon at the time of the payment of the fifteen hundred dollars, cannot defeat the broker's right to his commission.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

John D. Pope, and Hartley Shaw, for Appellant.

M. J. Finkenstein, and Minor Moore, for Respondent.

CONREY, P. J.—The defendant presents this appeal from an order denying her motion for a new trial.

On June 22, 1911, the defendant agreed in writing with Walter J. Sherwood, plaintiff's assignor, for services to be rendered in the sale of defendant's lease of certain apartments in the city of Los Angeles. Said writing contained the following agreement: "It being understood that Walter J. Sherwood has now a prospective purchaser from whom he expects to secure a sum of fifteen hundred dollars for the lease on the above mentioned apartments, and should he succeed in consummating a deal with this purchaser shall be paid the sum of five hundred dollars." On June 23, 1911, Sherwood brought to plaintiff the prospective purchaser, one Sumner Cummings, who then and there entered into a written contract with the defendant and paid the sum of fifteen hundred dollars, of which one hundred dollars went directly to the agent and fourteen hundred dollars to the defendant. By the terms of said writing with Cummings the defendant acknowledged receipt of fifteen hundred dollars, "part payment for lease on Navarro Apartments, . . . and upon receipt of the further payment of $1833.32 on or before the 15th day of July, 1911, I agree to transfer the said lease and deliver possession to said Sumner Cummings, . . ." The evidence shows that at the meeting of Sherwood, Cummings, and Roberts, Mrs. Roberts explained that the landlord held $1833.32 of her money as security for the rent of the last two months of the term of the lease and that the purchaser would have to pay that before she could transfer the lease to him. To this Cummings consented and the time stated in the contract was allowed him

to obtain and pay that amount. Cummings failed to make the additional payment and no transfer of the lease was ever made. The court having entered judgment in favor of plaintiff for four hundred dollars, with interest, the defendant moved for a new trial. This appeal is from the court's order denying said motion.

Appellant claims that the court erred in overruling her objection to the fourth direct interrogatory in the deposition of Sherwood, which ruling is assigned as an error of law occurring at the trial. Referring to the agency contract, the witness was asked to state what was meant by that clause in the contract reading as follows: "And should he succeed in consummating a deal with this purchaser shall be paid the sum of five hundred dollars," to which the witness answered: "My very clear understanding was that when I obtained fifteen hundred dollars for her lease, I was to receive five hundred dollars for it." The objection should have been sustained. But in view of our interpretation of the contract as hereinafter stated, the error was without prejudice.

The defendant offered in evidence the judgment-roll in a certain action between Cummings as plaintiff and Roberts as defendant, wherein Cummings sought to recover said sum of fifteen hundred dollars, and the judgment was in favor of the defendant. The objection was that the record was not binding on the plaintiff or its assignor and that it was *res inter alios acta.* Appellant contends that the record in question should have been admitted as showing the inability or refusal of Cummings to perform his contract of purchase of the lease. We think that the objection was correctly sustained on the ground stated. Besides, it was later made to appear as an undisputed fact that Cummings never did receive the money which he had expected to use in making the final payment, and never did offer to make that payment. The clear inference is that he was not able to do so.

The principal contention of appellant is that the contract between Sherwood and Mrs. Roberts was more than an ordinary broker's contract because under its provisions he was not to be entitled to a commission unless he should "consummate a deal" with a purchaser. The decision of this court in *Connor v. Riggins,* 21 Cal. App. 756, [132 Pac. 848], is relied upon, where the court said: "Moreover, since the word 'con-

summate' means to bring to completion, and the court found
that the oral agreement was to consummate an exchange of
both the real and personal property of defendant, and that
said trade or exchange of the properties between J. W. Rig-
gins and John T. Sweatt has never been consummated, it
would seem clear that plaintiff is not entitled to recover com-
missions.'' In that case the evidence was that the defendant
had authorized the plaintiff's assignor to effect an exchange
of property between defendant and one John T. Sweatt and
that by reason of failure of title of Sweatt with respect to
some of the property which he was to transfer to defendant,
no exchange had ever taken place. The thing which the
agent had been authorized to do never was done.

In the case at bar the agreement was that the agent Sher-
wood should "succeed in consummating a deal" with the
proposed purchaser whereby the purchaser would pay the
sum of fifteen hundred dollars for the lease. So far as this
agency contract is concerned, the agent not only performed
all that he could perform in such a transaction, but he actu-
ally secured the payment to the defendant of the full sum
of fifteen hundred dollars, which was all that he agreed to
procure for her. The fact that in dealing with the purchaser
she obtained from him an agreement to pay an additional
sum of money, and that because of failure to obtain such ad-
ditional sum she has refused to transfer the lease, cannot
defeat the agent's right to the commission, unless we are au-
thorized to read into the agency contract an additional obli-
gation concerning the $1833.32. This we cannot do. Looking
at the agency contract alone, and by which alone the rights
of the principal and agent are to be determined, we find that
the agent did succeed in consummating the deal to the extent
that he procured to be transferred to his principal everything
that he agreed to obtain for her. Under such circumstances
we hold that the agent is entitled to his commission.

The order denying plaintiff's motion for a new trial is af-
firmed.

James, J., and Shaw, J., concurred.