A. C. FRANCIS ET AL. v. W. L. FOSTER.

No. 4010.   Decided April 23, 1924.

(260. S. W., 1023.).

Agency—Sale—Commissions.

   An agent for sale of live stock who in good faith procured a purchaser
with whom his principal entered into a binding contract for sale, for part
cash and balance to be paid at a future date on delivery of the property,
was entitled to his commissions on the sale, though the expected purchaser
found himself unable to carry out the contract and effected a compromise
with the seller releasing him therefrom.   This rule is not confined to sales
of real estate.   (Pp. 522, 523).

Question certified, on dissent, from the Court of Civil Appeals
for the Third District, in an appeal from Sterling County.

*A. W. Fannin* and *Tom Garrard*, for appellant.
The appellants, having produced a purchaser for the 400 head
of cattle listed with them, who made a valid contract to buy, are
not precluded in a recovery of commissions because of the finding
that the purchasers were not financially able to perform their con-
tract at agreed time of delivery of cattle, the seller being estopped
to claim such fact when he accepted the purchaser and contracted
with him.   Kolp v. Brazer, 161 S. W., 899; Wolfman and Katz v.
Callahan, 206 S. W., 777; Conkling v. Krakauer, 70 Texas, 735.

*Hill, Neill & Hill,* for appellee.
A broker empowered to sell personal property does not earn his
compensation until he produces a purchaser who is ready, able and
willing to buy at the price and upon the terms at which the property
was listed with him for sale, or at a price and upon terms satis-
factory to the seller.
Since a seller of personal property can not have a contract for its
sale specifically performed, but is relegated to his action of damages
upon breach thereof by the buyer, a broker empowered to sell per-
sonal property does not perform his contract so as to entitle him
to compensation where he produces a buyer who is not willing or
financially able to receive and pay for such personal property, al-
though such buyer may have entered into a contract of purchase
with the seller and paid part of the purchase money.   Webb v.
Durrett, 136 S. W., 1189; 24 R. C. L., 89, 90, 102, secs. 354, 355,
369; Pomeroy, Spec. Perf., 2d Ed., Secs. 11-15, 47; Adler v. Kiber,
27 S. W., 23.

If the owner is induced to make such contract upon representations or statements of the broker, which are not true, he is not so estopped, but may defend in an action for recovery of commission by proving that the purchaser was not willing or able to consummate the sale. 4 R. L., p. 309; Moore v. Irwin, 89 Ark., 289, 116 S. W., 662, 20 L. R. A., (N. S.), 1168 and note.

MR. JUDGE CHAPMAN delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals of the Third District having failed to reach an agreement as to the proper disposition of this case, certified to this Court the following question:

Where brokers of live stock who procure purchasers for such stock listed with them, whom the principal or seller accepts and enters into a valid and enforceable contract whereby he receives a part of the purchase price at the date of the contract, the balance to be paid on a future agreed date for the delivery of said stock, are the brokers precluded from a recovery of their commissions because of the fact that at the date of the delivery the purchasers are not financially able to pay for the property they had agreed to purchase?

"If the principal and the customer found by the broker enter into a valid contract, and the broker acts in good faith, the broker is not deprived of his right to a commission by the fact that the customer fails of is unable to carry out the contract, such as a contract of purchase or a contract of exchange." (9 C. J., 631.)

This text is upheld by many decisions from various states cited in the notes to the text.

In the case of Keener v. Cleveland, 250 S. W., 151, Judge German of the Commission of Appeals of Texas, used the following language:

"And where the seller accepts the purchaser tendered, it is not necessary to show that he was ready, willing and able to buy," and several cases are there cited to uphold said statement. The only exception to this rule seems to be where the purchaser was not able to perform, and that fact was known by the agent, but there is nothing in the case before us, either in the certified question nor in the opinion by the Court, to disclose that the agent knew that the purchaser was not able to perform on the date that the contract was entered into, nor for that matter is there any positive evidence that shows that the purchaser was not able to perform on the date that he entered into the contract with the seller. The position is taken in the dissenting opinion on the case now before us that the rule above stated applies only to cases of the sale of real estate where specific performance may be enforced, but upon an investigation of the authorities we cannot agree with this contention, but are of the opinion that the holding quoted is based upon the principle

that when the seller enters into a binding contract with a purchaser acceptable to him, that the seller assumes the risk as to whether or not the purchaser will be in position to perform his part of the contract and that when such contract is so entered into by the seller. that the agent has performed all the duties that he can perform under his employment. In the case under consideration the majority opinion discloses that the agent procured a purchaser with whom the seller entered into a binding contract and the purchaser paid a part of the purchase money amounting to $10.00 per head on the cattle on the date that the contract was made. The cattle were to be delivered and the balance of the purchase price paid some two months later, and at that time the purchasers represented to the seller that they were unable to perform their contract and took up with the seller the matter of a compromise and a compromise was effected by the seller retaining the $10.00 per head that had been paid on the cattle and keeping his cattle, and releasing the purchaser from any further liability. [a]

In answer to the contention that the principle quoted from Corpus Juris applies only to cases of sale of real estate where specific performance can be enforced, we find the case of Fox v. Ryan, 240 Ill., 341, 88 N. E., 975, (Ill.), was a sale of mining stock. The case of Swank and Letton v. Roberts, 24 Cal. App., 730, 142 Pac., 104, was a lease on apartments, and Micks v. Stevenson, 22 Ind. App., 475, 51 N. E., 492, was a sale of corporation stock and Kolp v. Brazer, 161 S. W., 899 (Tex. Civ. App.), was a case in which the agent had made a sale of several cars of feed stuff, and the case of Keener v. Cleveland above cited was the sale of an oil lease, and in all these cases the law as above quoted from Corpus Juris is upheld.

We therefore answer that under the conditions stated in the question above set out, the agent was entitled to his commission.

The opinion of the Commission of Appeals answering certified question is adopted and ordered certified to the Court of Civil Appeals.

C. M. CURETON,
Chief Justice.