**CATER et ux. v. HART et al.** (No. 8258.)

Court of Civil Appeals of Texas. San Antonio.
Oct. 23, 1929.

Rehearing Denied Dec. 11, 1929.

Guy Cater and Frank J. Bosshardt, both of San Antonio, for appellants.

Hull & Oliver, of San Antonio, for appellees.

FLY, C. J. Lilly Hart, joined by her husband, M. Hart, appellees, sued O. J. Cater and his wife, Bell Cater, appellants, for $237.-50, alleged to be due Lilly Hart for procuring a purchaser for certain lots belonging to appellants in the city of San Antonio, and on a trial before the court, without a jury, obtained a judgment for the sum of $237.50.

The findings of fact of the county judge, as well as the statement of facts, established the fact that Lilly Hart had a contract with appellants by which they bound themselves to pay said Lilly Hart 5 per cent. of $4,750, the purchase money of certain lots in San Antonio, if she obtained a purchaser for the same, and that she obtained purchasers, ready, willing, and able to purchase said property on the terms prescribed by appellants. The terms were $300 in cash, which was paid, and the balance on time. There was a contract in writing between appellants and the purchasers, and afterwards a warranty deed was executed by appellants to the purchasers and promissory notes for the purchase money executed by the purchasers to appellants. The purchasers did not agree in the written contract to make any improvements on the property. When the purchasers refused to improve the land, and appellants could not

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

sell their promissory note for $2,500 unless such improvements were made, the sale was declared off by the parties and the $300 advance payment was returned to the purchasers. The latter were ready, able, and willing to carry out their written contract for the land.

Appellants have filed quite an elaborate brief, with 29 assignments and 13 propositions. The brief is in very small type, all capital letters, rendering it difficult to read, and in support of the propositions 38 authorities have been assembled in the brief. We have read the statement of facts, and think the findings of fact are supported and sustained by the evidence. The propositions, if sound in law, are faced with a conflict in the evidence, which evidence has been resolved in favor of appellees.

It was proved without contradiction that the contract for the purchase of the property was reduced to writing, and yet it is the contention of appellants that the decision of this case should turn upon verbal understandings outside of and in antagonism with the terms of the written contract. Those verbal agreements were denied by appellees and the purchasers. While it was claimed that it was understood that the written contract was not to become effective unless appellants could sell the $2,500 note to Wimer-Richardson, the evidence of appellees was directly against that claim.

If it should be admitted, however, that the purchasers failed to perform their part of the contract, still that fact would not deprive the broker of her commissions for bringing the parties together. The broker is not called upon to guarantee the performance of the contract entered into between the seller and the purchaser. No such rule has ever been formulated, and cannot be used by the seller to evade payment of the brokerage fees.

Mrs. Lilly Hart had been employed to obtain a purchaser for the property of appellants for a certain fixed consideration. She found the purchaser and brought him to appellants and they accepted him and entered into a contract with him, and that acceptance rendered them liable for the commission. As said by the Commission of Appeals in Keener v. Cleveland, 250 S. W. 151, 152: "And where the seller accepts the purchaser tendered, it is not necessary to show that he was ready, willing, and able to buy." In that case the following language from Ruling Case Law, book 4, 320, was quoted with approval: "The general rule deducible from the decisions upon the question would seem to be that, if there is nothing peculiar in the contract of employment, it is not necessary that the broker should negotiate the sale, when he has found, or procured, or if he has introduced, or given the name of, a purchaser who is able, ready, and willing to purchase the property

upon the terms named by the principal and the principal has entered into negotiations with such purchaser, and concluded a sale with him; and in such cases the broker has performed his contract and is entitled to his commissions." The decision cited has been cited and approved in the case of Francis v. Foster, 113 Tex. 521, 260 S. W. 1023, and it was further held that: "When the seller enters into a binding contract with a purchaser acceptable to him, the seller assumes the risk as to whether or not the purchaser will be in position to perform his part of the contract, and that when such contract is so entered into by the seller the agent has performed all the duties he can perform under his employment." In the case of Goodwin v. Gunter, 109 Tex. 56, 185 S. W. 295, 195 S. W. 848, the same principle is announced as in the cases cited. None of the authorities cited by appellants are in antagonism with the cases mentioned.

We are of opinion that the law and the facts sustain the judgment of the county court, and it will be affirmed.