### JOHNSON v. EDRINGTON.
#### No. 1264.

Court of Civil Appeals of Texas. Waco.
Sept. 22, 1932.

J. W. Thomas, of Belton, and Tirey & Tirey, of Waco, for appellant.

Jos. W. Hale and Sleeper, Boynton & Kendall, all of Waco, for appellee.

GALLAGHER, C. J.

This suit was instituted by appellant, D. P. Johnson, against appellee, O. A. Edrington, on an express verbal contract to recover broker's commissions on the sale of a certain farm by the Union Central Life Insurance Company to said Edrington. Appellee denied that he ever entered into such a contract with appellant, and further defended on the ground that such contract, if any, was wholly without consideration and inhibited by the statute of frauds; that appellant, without his knowledge or consent, was also acting at the time for and in behalf of said life insurance company; and that the contract of purchase was executory. Appellee made said Union Central Life Insurance Company a party defendant in the suit, and alleged that said company, acting by and through its agent, McFarland, had agreed to indemnify him and hold him harmless from any claim for commission on said sale which appellant might assert against him, and sought a recovery against said company thereon in event appellant recovered against him.

One Schmaley owned a farm of 203 acres situated in Bell county. It was incumbered with a lien held by the Union Central Life Insurance Company. One Preston, an agent of the life insurance company in Bell county, apparently expecting the early acquisition by said company of the legal title to said land in satisfaction of its lien, listed the same for sale with appellant. His authority to do so was not shown. Neither does it appear that his action in doing so was ever recognized by said company. There is no contention that appellant was ever invested by said agent, or any one else, with authority to offer or agree to terms or to execute a contract of sale. Appellant included said farm in his advertised list of real estate bargains. Appellee saw the advertisement and applied to appellant for further information concerning the same. Appellant went with him to examine the farm, and found Schmaley still in possession. They attempted to negotiate for the purchase of his equity together with his personal property used in operating the same. Pending such negotiations, one of Schmaley's creditors attached the farm, thereby further complicating the situation. All efforts to purchase from Schmaley failed. The life insurance company ultimately obtained title to the land. Shortly thereafter appellee again came to appellant at his office in Belton to renew his efforts to purchase said farm. It appears that at that time the matter of selling said farm was in the hands of the company's agent McFarland at Waco, subject, however, to approval by some one at its home office. According to appellant's testimony, appellee then asked him to go with him at once to McFarland's office in Waco, that his wife was sick, and that he was unable to comply with such request. Appellant further testified that he advised appellee that he expected or desired a commission from the life insurance company if appellee purchased said farm, and that appellee agreed that he would tell McFarland so, and also tell him that the reason he did not come was the sickness of his wife. Appellant further testified that appellee returned the next day and advised him that McFarland was anxious to make the trade; that he asked appellee if he spoke to McFarland about his commission; that appellee replied that he mentioned it, but that they were then interrupted and both of them forgot about it; that appellee in that connection further stated that he knew that McFarland, for reasons of his own, liked to have it appear to his company that he had effected sales of real estate belonging to it without the assistance of agents or brokers; that appellee was willing to deal with McFarland on such basis, and that he felt that McFarland would give him a better price than he would be willing to make if an agent's commission were to be paid, and that he (appellee) would pay appellant the commission if he bought the farm. Appellant further testified that he relied on said promise, and did not fur-

ther participate in negotiating the sale of said farm.

Appellee denied promising to pay appellant a commission if he purchased said farm, but further testified that he did agree with appellant to discuss with McFarland the question of a commission on said sale, that he did so, and that McFarland denied liability therefor. Both appellant and appellee testified that the usual and customary commission for the sale of real estate was 5 per cent. on the purchase price. Appellee entered into a written contract with McFarland for the purchase of said farm for the sum of $9,000. Said contract was duly approved by the home office of the company. Appellant shortly thereafter went into possession of the property, and was still in possession thereof at the time of the trial. There is no contention that said contract was not a valid one nor that the same was not legally enforceable. A fuller statement of the testimony is not necessary to the determination of the issues of law hereinafter discussed.

The case was tried to a jury. Appellee asked for an instructed verdict in his favor against appellant, which was refused. The court instructed the jury to return a verdict in favor of the life insurance company against appellee on his cross-action, which was done. The court, however, over certain objections of appellee, submitted the case between him and appellant to the jury on special issues, which issues and the answers of the jury thereto are as follows:

"No. 1: Did the defendant, O. A. Edrington, agree to and with the plaintiff, D. P. Johnson, to pay him a commission, in the event he bought from the Union Central Life Insurance Company the John Schmaley 203 acre farm in question in Bell County? Answer: Yes.

"No. 2: Was said agreement made, if you find that it was made, prior to the 17th day of February, 1930? Answer: Yes.

"No. 3: Was the contract, if any, made between plaintiff and defendant with reference to the commission in question a detriment to the plaintiff? Answer: Yes.

"No. 4: Was the contract, if any, made between plaintiff and defendant with reference to the commission in question of benefit to the defendant, Edrington? Answer: Yes.

Appellant moved for a judgment in his favor on the verdict, which was denied. Appellee moved for a judgment in his favor non obstante veredicto, under the provisions of article 2211 of the Revised Statutes, as amended by the Act of April 25, 1931 (Gen. Laws Regular Session 42d Legislature, chapter 77 [Vernon's Ann. Civ. St. art. 2211]). The court granted said motion, and entered judgment that appellant take nothing against appellee and that appellee take nothing on his cross-action against the Union Central Life Insurance Company.

## Opinion

Appellant, by appropriate assignments of error, assails the action of the court in overruling his motion for judgment on the verdict returned by the jury and in rendering judgment against him notwithstanding such verdict. Article 2211, above referred to, provides that the judgment rendered by the court shall conform to the verdict, but authorizes the court, on motion and notice, to render judgment contrary to the verdict when, and only when, a directed verdict in favor of the party urging such motion would have been proper. Appellant is therefore entitled to a reversal of the judgment appealed from unless the court erred in refusing appellee's request for an instructed verdict.

Appellee contends that the testimony before the court shows as a matter of law, that is, with such certainty that reasonable minds cannot differ as to the effect thereof, that the promise which appellant testified he made to pay a commission if he purchased said farm was wholly without consideration. The testimony above recited shows, or tends to show, that the Schmaley farm had been listed for sale with appellant; that appellee became interested in the purchase thereof as a result of appellant's efforts; that, when the time arrived for appellant to present appellee as a prospective purchaser to McFarland, the company's agent authorized to negotiate terms of sale, the sickness of appellant's wife prevented him from doing so; that appellee agreed to explain his absence and advise McFarland that he expected to be paid a commission. Appellee did in fact purchase the farm on terms satisfactory to the life insurance company. Appellant, on the facts recited, would have had reasonable ground for asserting a claim against the life insurance company for commissions on such sale, and, upon denial of such claim, to have attempted to establish his right to such commissions by an action in court. Marr-Piper Co. v. Bullis (Tex. Com. App.) 1 S.W.(2d) 572, 575. Such right was a valuable one, and, according to appellant's testimony, was voluntarily abandoned by him at the instance of appellee and upon appellee's express promise to pay the commissions so claimed by him. According to appellant's testimony, appellee also stated as a ground for his promise to pay such commission himself that he expected to purchase the property on better terms than he would be able to do if appellant was asserting against the life insurance company a right to commissions on such sale. Such statement tended to show an acknowledged benefit to appellee arising out of appellant's abandonment of his claim against the life insurance company for com-

missions. The testimony tended to show not only the yielding of a valuable right and consequent detriment to appellant, but also the conferring of an advantage upon appellee which he at the time deemed valuable. The testimony raised an issue of a valid consideration for appellee's promise to pay appellant's commissions, which issue was properly submitted to the jury for determination. Muller v. Riviere, 59 Tex. 640, 642, 46 Am. Rep. 291; Abraham v. Goldberg, 6 Misc. 43, 25 N. Y. S. 1113. Such contract, though oral, being for a consideration deemed by appellee to be valuable to him it was not inhibited by the statute of frauds (Rev. St. 1925, art. 3995). Mitchell v. Kennady (Tex. Civ. App.) 238 S. W. 293, 294, par. 1, and authorities there cited.

 Appellee also contends that the testimony shows as a matter of law that appellant's representation of the life insurance company was without his knowledge or consent, and that the same was of such character as to defeat his right to claim the promised commissions. Appellee testified that appellant never told him that Preston, purporting to act for the life insurance company, had listed the Schmaley farm with him for sale, and appellant failed to testify affirmatively that he did so. Appellant, however, did testify that he disclosed to appellee before he went to talk to McFarland about purchasing the farm that he was expecting a commission if appellee purchased the same, and that appellee promised to so advise McFarland. His testimony on this point is corroborated in substance by the testimony of appellee himself. According to appellant's testimony, it was only after appellee, in his absence, had approached McFarland and discussed with him the purchase of the property that he proposed to appellant to take no further action in the premises and waive any claim for commission against the life insurance company, in consideration of appellee's promise to pay the same. There is no testimony in the record showing or tending to show that appellant was clothed by the life insurance company, or Preston, purporting to act in its behalf, with any discretion in the matter of advising, negotiating, fixing, or agreeing upon the price to be paid by appellee for said farm, nor that he had any power to bind the company by contract with reference thereto. Appellant's position, as disclosed by the testimony, was that of a mere middleman to bring the parties together so that they might treat with each other and make their own bargain. An ordinary real estate broker with whom land is listed for sale does not necessarily occupy such a position of trust and confidence as to authorize him to offer price and

terms of sale nor impose upon him the duty of actively participating in such negotiations. If the duty of a broker is that of a mere middleman to bring the parties together that they may treat with each other and make their own bargain, his representing both parties is in no wise improper or inconsistent. Allen v. Roach (Tex. Com. App.) 292 S. W. 195, 197, and authorities there cited; T. A. Hill & Son v. Patton & Schwartz (Tex. Civ. App.) 160 S. W. 1155, 1157, par. 5. The testimony above recited fails to show as a matter of law, as contended by appellee, that he did not have notice that appellant had theretofore purported to act as agent for the life insurance company, nor that appellant's relation to such company was of such character as to defeat his right to claim the promised commissions.

██ Appellee further contends that the evidence shows that he did not purchase said farm but merely entered into an executory contract for the purchase thereof, and that such contract contains provisions authorizing the life insurance company to cancel the same in event of his default in complying with its terms. The testimony showed affirmatively that appellee, shortly after the execution of said contract, entered into possession of said farm, made payments on the purchase price thereof, and was at the time of trial still occupying and claiming the same. The fact that he was not under the terms of the contract entitled to a deed thereto until he had complied with certain stipulations contained therein was immaterial. The contract was valid and enforceable at the option of the company, and was sufficient to support appellant's claim for commission. Francis v. Foster, 113 Tex. 521, 522, 260 S. W. 1023, and authorities there cited.

None of the matters urged by appellee would have justified the court in giving an instructed verdict in his favor, and they are therefore insufficient to justify the action of the court in rendering judgment in his favor notwithstanding an adverse verdict. The court erred in overruling appellant's motion to enter judgment on the verdict of the jury and in rendering judgment for appellee notwithstanding the same.

The judgment of the trial court denying appellant a recovery against appellee is reversed, and judgment is here rendered that appellant recover of appellee the sum of $450, commissions on said sale and purchase, together with interest thereon at the rate of 6 per cent. per annum from the 17th day of February, 1930, together with costs accrued in this cause both in this court and in the court below. Otherwise the judgment of the trial court is affirmed.